[No. 1954. Decided December 24, 1895.]

THE STATE OF WASHINGTON, *on the Relation of* STEPHEN E. THAYER, *City Treasurer, Appellant,* v. W. W. MISH, *County Treasurer, Respondent.*

TAXATION — DISPOSITION OF PENALTY AND INTEREST — MANDAMUS TO COUNTY TREASURER — WHEN LIES — JOINDER OF IMPROPER CLAIMS FOR RELIEF.

The penalty and interest collected by a county treasurer upon taxes levied for the city belong to it as much as the taxes so levied.

Mandamus will not lie to compel a county treasurer to pay over moneys collected by his predecessor and which have never come into his possession.

A certified return by a county treasurer of moneys collected as penalty and interest upon taxes levied for the benefit of a city will not be enforced by mandamus, where it appears that such return would be incidental merely to the principal relief, which can be righted only by an action against the county rather than against the officer.

An order granting a portion of the relief sought in mandamus proceedings and refusing the remainder, will not be reversed, where a claim for relief to which the relator is entitled is joined with a claim for other relief to which he is not entitled, when a reversal is not sought upon that ground.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge.   Affirmed.

*Alex. Akerman,* for appellant.

*J. W. Heffner* (*A. W. Hawks*, of counsel), for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The relator, as treasurer of the city of Everett, sought by this proceeding to obtain a writ of mandate to compel the respondent as treasurer of the county in which such city is situated to render a certified return of all moneys collected as penalty and interest upon the taxes levied by the city for the year 1893, and to pay over the amount found to have been so collected. An alternative writ was issued, from which it appeared that certain sums of money had been collected by the county treasurer as penalty and interest on delinquent taxes of the city of Everett, levied for the year 1893, and that such moneys had not been accounted for or paid over to the relator. By his answer the respondent admitted that the books of his office showed that certain sums of money had been collected by his predecessor as penalty and interest upon said delinquent taxes, but averred that the same had been by such predecessor accredited to the general fund of the county and paid out on warrants regularly drawn upon such fund. It was further admitted by said answer that said respondent had collected the sum of $22.90, as penalty and interest upon said delinquent taxes.

The relator moved the court that a peremptory writ issue notwithstanding the answer of the defendant. The court ordered that a writ issue commanding said respondent to pay over to relator the sum of $22.90, but refused to compel him to account for or pay over moneys collected by his predecessor in office. Both parties appealed, and on the part of the relator it is contended that the writ should have commanded the

county treasurer to pay over the money collected by his predecessor as well as that collected by him, or that at least it should have required him to make a certified return as to the amount of moneys so collected as prayed for in the application for the writ.

The respondent, as appellant here, contends that the relator was not entitled to any relief at all and that that part of the order which commanded him to pay over the sum of $22.90 should be reversed and set aside. The ground upon which he claims that this part of the order should be reversed is that the interest and penalty collected upon said taxes should be paid into the county treasury for the use and benefit of the general fund.

In the case of *School District v. Hedges, ante,* p. 69, we were called upon to decide, as between the school district and the county treasurer, the proper disposition of the penalty and interest collected upon taxes levied for the benefit of the school district, and upon full consideration we held that the penalty, when collected, belonged to the same fund as the tax upon which it was assessed. The principle involved in that case was the same as the one which we are called upon now to decide, and, under it, it must be held that the penalty and interest collected upon taxes levied for the benefit of the city belonged to it as much as the taxes so levied. This substantially disposes of the claim to reversal of that part of the order from which an appeal was prosecuted by the respondent in the court below.

The contention of the relator above stated presents two questions, the important one being as to whether or not a writ of mandate will issue to compel a county treasurer to pay over money which has never come into his possession. The argument of relator is to the

effect that the relief is sought against the respondent as an officer and not as an individual; that the office is a continuing one and the rights of those having business therewith are not affected by any change in its incumbents.  As to some rights this position is undoubtedly correct, but mandamus is an extraordinary remedy and will only issue to compel an act which it is clearly the duty of the officer to perform; and it cannot be said that it is the duty of the present incumbent of the office of county treasurer to pay over money not in his hands and which had been paid out without any fault on his part.  If the money had been wrongfully disposed of by him there would be some foundation for the contention that he should not be allowed to plead his own unlawful act as a reason for refusing to do his duty, but even in that case the courts have held that the remedy of one who had by such unlawful acts been deprived of money to which he was entitled, was not by mandamus.  In *Bates v. Porter*, 74 Cal. 224 (15 Pac. 732), this exact question was before the court, and it was there held that the fact that the money to which the relator was entitled had been unlawfully paid out by the respondent furnished no foundation for relief by mandamus, if it appeared that the money was not at the time of the application for the writ in the hands of the respondent.  The case of *Redding v. Bell*, 4 Cal. 333, though not so clearly in point as the one just cited sustains the same principle, and no authorities to the contrary have been called to our attention.  So that it is probable that even if the respondent had unlawfully paid out the money the remedy of the relator would not have been by mandamus.  If the city of Everett had any remedy against the county for moneys which were paid out by the predecessor of the re-

20—13 WASH.

spondent, it was by an action against the county to recover the sum so paid out.

We think the court was also right in refusing to compel a certified return of the moneys collected as penalty and interest. This relief could have been rightfully refused for the reason that it was joined with a claim for other relief to which the relator was not entitled, but aside from that technical reason, the relator could not, upon facts which showed that his principal grievance could only be righted by an action against the county, procure by mandamus relief which at most would be only incidental to such principal relief.

The superior court came to the proper conclusion and though it is possible it might have been justified in refusing the relator any relief for the reason that he was not entitled to all, a reversal of that part of the order which granted such relief has not been sought upon that ground, and this being so and the relator having been shown to have been entitled to that part of the order if he had asked for no more, it will not be disturbed.

The order of the superior court will be in all things affirmed; neither party to recover costs.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.