[No. 3567.  Decided June 23, 1900.]

## CITY OF NEW WHATCOM, *Respondent,* v. VICTOR A. ROEDER, *Appellant.*

TAXATION—PENALTIES AND INTEREST ON MUNICIPAL TAXES—RIGHT OF COUNTIES TO RETAIN.

Laws 1899, p. 290, § 6, which provides that the county treasurer shall be the collector of all taxes, whether levied for state, county, municipal or other purposes; that all delinquent taxes shall draw interest at the rate of fifteen per cent. per annum; that a rebate of three per cent. shall be allowed on all payments of taxes on real property paid in full on or before March 15th next prior to date of delinquency; and that "all rebates allowed under this section shall be charged to the county current expense fund, and all collections from penalties and interest on delinquent taxes shall be credited to the current expense fund," is retroactive, as well as prospective in its operation, and the county treasurer is thereby authorized to credit the county current expense fund with all penalties and interest collected on municipal taxes under levies made prior to its enactment;  for the reason that the legislature has not imposed upon municipal corporations the power to impose penalties and interest on unpaid taxes, but has regulated the matter by general laws under its sovereign capacity, and has a right to dispose of the fund arising from such a source.

SAME—STATUTES—RETROSPECTIVE EFFECT.

By construing together the various revenue laws passed by the legislature from time to time in this state, it is apparent

that different meanings were attached to the terms "penalty" and "interest"; and since Laws 1899, p. 290, § 6, provides only for interest on delinquent taxes *in futuro*, it must be presumed that the further provision of the section disposing of collections of penalties and interest on delinquent taxes contemplated a retrospective application of the statute to taxes levied under prior statutes in which such terms had distinct and separate definitions.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge.   Reversed.

*Thomas M. Vance* and *A. E. Mead,* for appellant.

*C. H. Hurlbut, E. P. Nicholson* and *Ed. E. Hardin,* for respondent.

The opinion of the court was delivered by

WHITE, J.—The appellant, Victor A. Roeder, is the county treasurer of Whatcom county, state of Washington, and has been such county treasurer since January 1, 1899. The respondent, the city of New Whatcom, is a municipal corporation of the third class, organized and existing under the laws of the state of Washington. On the 11th day of January, 1900, the city of New Whatcom, the respondent herein and plaintiff in the court below, instituted an action in the nature of a mandamus proceeding against the appellant, as defendant in the court below, to obtain a peremptory writ requiring the appellant as county treasurer of Whatcom county, state of Washington, and as ex-officio collector of taxes of the city of New Whatcom, to account to the respondent for all moneys received by the appellant in his official capacity on the collection of penalties, interest, and costs on delinquent taxes; the affidavit for a writ of mandamus executed for and on behalf of the city of New Whatcom by the Hon. Ed. E. Hardin, mayor of said city, stating that the appellant, as ex-officio collector of taxes for respondent, had failed and refused to

render an account of his collections from municipal levies
made by respondent that had accrued on penalties, interest,
and costs on delinquent taxes since January 1, 1899. The
respondent sought not only an accounting of moneys re-
ceived by him as such collector of taxes on penalties, inter-
est, and costs on delinquent taxes, but sought an order re-
quiring the appellant to pay over to the respondent its pro-
portionate part of all penalties, interest, and costs on de-
linquent taxes received by the appellant in his official ca-
pacity on the collection of delinquent taxes since January
1, 1899, and asked that the appellant be required to in-
clude in his monthly returns to the respondent its propor-
tionate part of all penalties, interest, and costs on delin-
quent taxes. The answer of the appellant was filed on
February 8, 1900. The allegations of respondent's affidavit
were, in effect, admitted by the answer, and the appellant
justified his failure to include in his monthly return to
the treasurer of the respondent any amount received by
him as penalties, interest, and costs on delinquent taxes,
on the ground that since the 15th day of March, 1899,
under an act of the legislature of 1899 approved on that
date, he was required, as treasurer of Whatcom county and
ex-officio tax collector of respondent, to credit all such
sums so received by him as such county treasurer to the
current expense fund of Whatcom county. Trial was had
thereafter under the pleadings heretofore referred to. The
only testimony considered at the trial is contained in the
stipulation filed February 14, 1900, included in the state-
ment of facts. The decision of the court in the trial of the
cause was reserved for a time, and on March 23, 1900, the
court rendered a judgment in favor of respondent, to the
effect that respondent was entitled to a peremptory writ
of mandate requiring appellant, as such county treasurer,
to account to the treasurer of the respondent for all penal-

ties, interest, and costs collected by the appellant since January 1, 1899, on delinquent municipal tax levies for the year 1898 and all previous years, from and including the year 1893, and requiring the appellant to include in his certified return thereafter to the treasurer of the respondent all such collections of penalties, interest, and costs on such delinquent taxes. Appellant excepted to the conclusions of law and decree so made and rendered, and on said date appealed from the judgment of said court.

There is no controversy whatever between the respondent and appellant concerning the facts of this case. What is the proper interpretation and construction of § 6, ch. 141, p. 290, Session Laws 1899, is the question to be considered. The section reads as follows:

"Sec. 6. Section sixty-eight of said act is hereby amended to read as follows: 'Section 68. The county treasurer shall be the receiver and collector of all taxes extended upon the tax books of the county, whether levied for state, county, school, bridge, road, municipal or other purposes, and also of all fines, forfeitures or penalties received by any person or officer for the use of his county. All taxes upon real property made payable by the provisions of this act shall be due and payable to the treasurer as aforesaid on or before the thirty-first day of May of each year, after which date they shall become delinquent, and interest at the rate of fifteen per cent. per annum shall be charged upon such unpaid taxes from the date of delinquency until paid: Provided, however, When the total amount of tax payable by one person is two dollars or more, then if one-half of such taxes be paid on or before said thirty-first day of May, then the time of payment of the remainder thereof shall be extended, and said remainder shall be due and payable on or before the thirtieth day of November following; but if the remaining one-half of such taxes be not paid on or before the thirtieth day of November, then such remaining one-half shall be delinquent, and interest at the rate of fifteen per cent. per

annum shall be charged thereon from the first day of June preceding until paid: *Provided, further, There shall be an allowance of three per cent. rebate to all payers of taxes who shall pay the taxes on real property in one payment and in full on or before the fifteenth day of March next prior to the date of delinquency. All rebates allowed under this section shall be charged to the county current expense fund, and all collections from penalties and interest on delinquent taxes shall be credited to the current expense fund.'"*

The respondent contended that that portion of the section above italicized was prospective only in its operations, while the appellant contended that it was not only prospective, but retrospective. The trial court adopted the view of the respondent, and rendered a judgment to the effect that on all municipal tax levies made since the approval of the act the penalties and interest on delinquent taxes should be credited to the current expense fund, but that on all municipal levies made prior to the date of the approval of the act, the appellant should account to, and pay over to, the respondent all penalties, interest, and costs collected on delinquent taxes.

The respondent calls our attention to § 12, art. 11, of the state constitution, which reads:

" The legislature shall have no power to impose taxes upon counties, cities, towns, or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may by general laws vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

It is not claimed in this action that any of the taxes proper, assessed by the city and collected by the appellant, have been retained by him. It may be conceded, also, that the legislature has no power to levy a tax upon a municipal corporation without its consent. The fund from the tax

levy proper belongs to the municipality. A tax is not a debt and does not bear interest unless imposed by statute. The legislature has not conferred upon counties, cities, towns, or other municipal corporations, under the section of the constitution quoted, the power to impose penalties and interest on unpaid taxes. Such penalties and interest are imposed only under the general laws of the state. It is provided in the section quoted that:

" The county treasurer shall be the receiver and collector of all taxes extended upon the tax books of the county, whether levied for state, county, school, bridge, road, municipal or other purposes, and also of all fines, forfeitures or penalties received by any person or officer for the use of his county. All taxes upon real property made payable by the provisions of this act shall be due and payable to the treasurer as aforesaid on or before the thirty-first day of May of each year, after which date they shall become delinquent, and interest at the rate of fifteen per cent. per annum shall be charged upon such unpaid taxes from the date of delinquency until paid."

It will be observed that the legislature, and not the municipality, fixes the date of the delinquency and the interest charge; in other words, creates the delinquent fund arising from this source. In tax laws penalties proper and interest charges are imposed for mere delinquencies in order to hasten payment. The general law of the state imposes this charge as a penalty for neglect to pay the tax in due season. The fund arising from this source is created by the legislative act of the sovereign state, and it follows that the legislature has a right to dispose of this fund to the same extent as other fines and penalties arising from the violation of other laws of the state.

Our attention has been called by the respondent to the case of *State ex rel. Thayer v. Mish,* 13 Wash. 302 (43 Pac. 40), wherein the court says:

" . . . it must be held that the penalty and interest collected upon taxes levied for the benefit of the city belonged to it as much as the taxes so levied."

It must be remembered, however, that this language of the court had reference to the conditions as they then existed, and that this decision only attempted to follow the decision of the court in the case of *Tacoma School District v. Hedges,* 13 Wash. 69 (42 Pac. 522), wherein it was held that, *"in the absence of any statute upon the subject,"* the penalty and interest on delinquent taxes should be apportioned to the several funds included in the tax upon which they are collected. We would adhere to these decisions were it not for the express provisions of § 6, p. 290, Session Laws 1899, which provides that penalties and interest on delinquent taxes shall be credited to the current expense fund of the county.

One other question remains: Is § 6, Revenue Law of 1899, prospective only in its operation, or is it both prospective and retrospective? We think it is both prospective and retrospective in its operation. It must be remembered that, in the penalty and interest fund as it existed when the law of 1899 was enacted, the municipality had no vested interest. It was permitted, because of want of legislation on the subject by the state, to receive this fund. A right cannot be regarded as vested in the constitutional sense, unless it amounts to something more than such a mere expectation of future benefit or interest as may be founded upon an anticipated continuance of the existing general law. Cooley, Constitutional Limitations, 359.

The legislature, having created this fund, had a right at any time to legislate as to its disposition. So far as the fund had been collected and placed to the credit of the municipality prior to the legislation of 1899, the act should not be held to be retrospective; for that part of the fund

collected after the act of 1899 went into effect the act should be held to be retrospective. As a rule, a statute will be construed as prospective, and operating *in futuro* only, unless a legislative intent to the contrary is declared, or necessarily implied from the circumstances *or the language used.* · There is a *prima facie* presumption that the meaning of a word repeatedly used in a statute is identical in all places, unless there is something to show that there is another meaning intended. Not only may contemporaneous and prior statutes be considered in construing a given act, but a subsequent statute may often aid in the interpretation of a prior one. Expired and repealed acts, *in pari materia* with the statute to be construed, may also be considered in the interpretation thereof. In construing · a given act, the meaning of words and terms as used therein may be gathered from the consideration of other acts *in pari materia* in which such words or terms were also used. That construction is favored which gives effect to every clause and every part of the statute, thus producing a consistent and harmonious whole.

A review of the different revenue acts of this state concerning *interest* and *penalty* on delinquent taxes will enable us, under the foregoing rules of construction, to interpret the meaning of the words "penalty" and "interest," as used in the act under consideration. It is not necessary to investigate and consider the decisions of the supreme courts of other states to ascertain the meaning of the word "penalty" or the word "interest," for the reason that said words have well-defined meanings under our own laws. At each recurring session of the state legislature these terms have been specifically defined by the legislature, and defined in such a way that there can be no uncertainty as to their meaning. The terms "penalty" and "interest"

have at no time in the revenue history of the state of Washington been "interchangeable." These terms have had express, well-defined meanings. The legislature that enacted the section quoted certainly had in mind the legislation that had hitherto been upon the statute books; it did not have in mind the definition given to the word "penalty" by the supreme courts of other states, or the view entertained generally by lexicographers of the application of that term. This legislative body certainly considered that from territorial days revenue statutes, in defining delinquent taxes, had provided for the addition of a certain amount as penalty, and the reckoning of a certain percentage on the amount due as interest on and after a certain date. The legislature of 1899 also recognized that no penalties whatever were provided on delinquent taxes under the act of 1897, and it is fair to presume that the legislature considered that under previous acts of that body large amounts were due from the different taxpayers of the state, on account of penalties having accrued under the different revenue laws that have been enacted since the organization of the territory and state. The legislature of 1899 was fully advised of the fact that penalties and interest had heretofore accrued on delinquent taxes, and it was fully advised that those different acts were, in substance, as follows:

Session Laws of 1889-90, p. 565, § 97, provides that taxes shall become delinquent on the first day of January, annually, and that a penalty of ten per cent. shall immediately accrue on the date of delinquency and shall thereafter be charged up against such delinquent taxes, and all such unpaid taxes shall bear interest at the rate of ten per cent. per annum until paid or forfeited. The section further provides that, if any treasurer shall receive payment of such taxes without including such penalty, he shall be liable to the county for the amount of such penalty.

Session Laws of 1891, p. 317, § 97, provides that taxes shall become delinquent on the first day of March of each year, and that upon that date a penalty of ten per cent. shall thereupon be added, and from and after the first day of March said unpaid taxes and penalty shall bear interest at the rate of twenty per cent. per annum until paid.

Session Laws of 1893, p. 359, § 83, provides that if taxes are not paid on or before the first day of April next ensuing, they shall become delinquent, and a penalty of five per cent. shall thereupon be added, and from the first day of April said unpaid taxes and penalty shall bear interest at the rate of twenty per cent. per annum from said date until paid.

Session Laws of 1895, p. 513, § 14, provides that the county treasurer shall be the receiver and collector of all taxes, and that taxes shall be due and payable to the treasurer on or before the 31st day of May in each year, after which they shall become delinquent. Thereafter a penalty of two per cent. shall attach upon all such taxes, and interest at the rate of twelve per cent. shall be charged upon such unpaid taxes from the date of delinquency until paid.

Session Laws of 1897, p. 169, § 68, provides that taxes shall become delinquent if not paid on or before the 31st day of May in each year, and interest at the rate of fifteen per cent. shall be charged upon such unpaid taxes from the date of delinquency until paid. (It will be noticed that the word "penalty" is eliminated from the act of 1897.)

Session Laws of 1899, p. 290, § 6, provides that taxes shall become delinquent, if not paid on or before May 31st in each year, and thereafter shall bear interest at the rate of fifteen per cent. per annum until paid.

In other words, it is apparent that the delinquent tax payer was required under the acts of 1889-90, 1891, 1893, and 1895 to pay a certain penalty after his taxes became

delinquent, and in addition to that penalty he was required to pay interest at the respective rates named in said session laws, and since the date of the amendatory revenue act of 1897 the only additional burden to the tax payer is the interest. In the face of these provisions, we are not justified in assuming that the legislature, at its session of 1899, used the term "penalty" in the same sense as it used the word "interest." Different meanings must be given to the words used, and they must be the meanings attaching to the words in other acts *in pari materia,* some of which we have cited. In considering our revenue statutes, the terms "penalty" and "interest" have been given definitions by our legislature, and those definitions have been applied in a practical way in the execution of the different revenue statutes. When the legislature adopted the section herein referred to, it knew very well that no penalties were to accrue on delinquent taxes under the provisions of that section, and it also knew that there were no penalties to attach under the provisions of the revenue law approved in 1897. It follows, then, as a logical conclusion, if it intended the act to be prospective only, that it would have been satisfied with the word "interest" in the concluding sentence of the section quoted. By the provisions of this section the county treasurer is directed to credit into the current expense fund all penalties on delinquent taxes. According to the interpretation of the act contended for by respondent and adopted by the trial court, the county treasurer will have no fund known and designated as "penalties" to credit to the current expense fund. In other words, the word "penalty" will have to be treated as surplusage, and, to uphold the construction given the statute by the lower court, the term will necessarily have to be eliminated entirely from the statute.

We think in using the word "penalty" in the section under consideration, the legislature had in view penalties under that name imposed under previous revenue laws, and, entertaining this view, we must hold that the act is retrospective as well as prospective.

It follows that the judgment and decree of the trial court, entered herein on the 23d day of March, 1900, directing the issuance of a peremptory writ of mandamus in this action against the appellant, and adjudging costs in favor of respondent, should be reversed and set aside, the action should be dismissed and the appellant should recover his costs in this court and in the court below; and it is so ordered and adjudged.

DUNBAR, C. J., and REAVIS, ANDERS and FULLERTON, JJ., concur.