[No. 19570. Department Two. August 12, 1926.]

THE STATE OF WASHINGTON, *on the relation of John H. Dunbar, Appellant,* v. WILLIAM W. SHIELDS, *Respondent.*[1]

[1] TAXATION (230)—DISPOSITION OF TAXES COLLECTED—INTEREST, PENALTIES AND COSTS. Rem. Comp. Stat., § 11252, providing that the county treasurer shall be the receiver and collector of all taxes and also all fines, forfeitures or penalties, and that the collections from penalties and interest on delinquent taxes shall be credited to the current expense fund of the county, manifestly means penalties and interest on both delinquent real and personal property taxes.

Appeal from a judgment of the superior court for King county, Ronald, J., entered July 1, 1925, upon findings in favor of the defendant in an action to recover interest paid on delinquent personal property taxes. Affirmed.

*The Attorney General* and *Donald R. Fraser, Assistant,* for appellant.

*Ewing D. Colvin* and *Howard A. Hanson,* for respondent.

MITCHELL, J.—In this action, the state contends it is entitled to its proportionate share of the interest on a delinquent personal property tax collection, made by the treasurer of King county, on June 7, 1924, the tax

[1]Reported in 248 Pac. 403.

having been levied for the year 1919. The state's share of the tax proper was paid by the county treasurer at the time it was collected, but he refused, upon demand, to pay to the state any of the interest collected, contending that, under the statute, all interest went to the current expense fund of the county, into which fund the interest collected had been paid by him. The judgment of the trial court was for the county treasurer. The state has appealed.

We are not advised of any action heretofore presenting such a question with reference to a tax levied since the effective date of the revenue and taxation law of 1899. On the contrary, the trial court found in this case that, at all times since 1899, the county treasurers throughout the state have each paid into the current expense fund of his county interest and penalty on delinquent real and personal property taxes collected by such treasurer, and at the same time charged the current expense fund in each case with all rebates allowed to taxpayers by reason of payments of real property taxes on or before March 15 of the year in which such taxes became due and payable. It was further found by the trial court that, for the years 1913 to December 1, 1924, the current expense fund of King county received, from interest collected on delinquent real and personal property taxes in that county, the sum of $1,741,985.67, and that, during that period, there was charged against that fund for rebates of real property taxes the aggregate sum of $2,012,-947.56.

The trial court further found that such course of practice throughout the state followed the rules, regulations and forms prescribed, and that it received the approval, upon annual audits of the current expense fund of the counties, by the division of municipal corporations of the state (formerly known as the

bureau of inspection and supervision of public offices), since the year 1909, the year the bureau was created by statute. This long continued course of practice throughout the state, as found by the trial court, to which, or any of the other findings above mentioned, the appellant took no exception, is in harmony with the plain language and evident intention of the legislature.

Prior to the act of 1899 it was held in *Tacoma School District No. 10 v. Hedges,* 13 Wash. 69, 42 Pac. 522, and *State ex rel. Thayer v. Mish,* 13 Wash. 302, 43 Pac. 40, that, in the absence of a statute making provision for the disposition of penalty and interest collected on delinquent taxes, they should be apportioned to the several funds for which the taxes were levied. After the act of 1899, it was held in *New Whatcom v. Roeder,* 22 Wash. 570, 61 Pac. 767, that, by the terms of that act, interest collected on delinquent taxes should be paid into the county current expense fund. That case, however, contains no consideration of interest collected on delinquent personal property taxes as distinguished from interest collected on delinquent real property taxes.

Ever since a time prior to the act of 1899, the law has provided for interest on delinquent personal property taxes under certain circumstances, just as it has provided for interest on delinquent real property taxes under certain circumstances; and, during all such times, the revenue and taxation laws of the state have comprehended the assessment of real and personal property and the levy and collection of taxes thereon, both before and after delinquency.

The interest involved in this action arose out of a tax levied on personal property in 1919, when the amendment by the 1917 legislature of the general revenue and taxation laws was in effect. That amend-

ment, § 1, ch. 142, Laws of 1917, p. 582, same being
Rem. Comp. Stat., § 11252 [P. C. § 6954], is identical
with § 6, ch. 141, Laws of 1899, p. 290, the same being
Rem. & Bal. Code, § 9219, except, by the act of 1917,
the rate of interest from the date of delinquincy spoken
of was changed to twelve per cent per annum from that
of fifteen per cent per annum, as formerly. That sec-
tion provides:

"The county treasurer shall be the receiver and col-
lector of all taxes extended upon the tax-books of the
county, whether levied for state, county, school, bridge,
road, municipal or other purposes, and also of all fines,
forfeitures or penalties received by any person or
officer for the use of his county. All taxes upon real
property made payable by the provisions of this act
shall be due and payable to the treasurer as aforesaid
on or before the thirty-first day of May in each year,
after which date they shall become delinquent, and
interest at the rate of twelve per cent per annum shall
be charged upon such unpaid taxes from the date of
delinquency until paid: * * * Provided further,
there shall be an allowance of three per cent rebate to
all payers of taxes who shall pay the taxes on real
property in one payment and in full on or before the
fifteenth day of March next prior to the date of de-
linquency. All rebates allowed under this section shall
be charged to the county current expense fund and all
collections from penalties and interest on delinquent
taxes shall be credited to the current expense fund."

[1] The state contends that, under this section, the
only interest money to be credited to the current ex-
pense fund is that collected on delinquent real property
taxes. The trial court held that it included interest
on both real and personal property taxes, which we
think was right. This section in the act of 1899 was
the first time the provision was made for the allow-
ance of rebates in the payment of taxes on real prop-
erty. It was provided that they should be charged to

the current expense fund and, in return therefor, the current expense fund should receive all collections from penalties and interest on delinquent taxes—a fund that the legislature had the right to dispose of. *New Whatcom v. Roeder*, 22 Wash. 570, 61 Pac. 767. All of these acts and amendments must be considered together.

Another section of the law provides for interest on delinquent personal property taxes, as already noticed, while a part of the section just quoted provides for interest upon delinquent real property taxes. If this section dealt only with real property taxes, there would be much force in the state's argument, but such is not the case. The initial statement in it is, "the county treasurer shall be the receiver and collector of all taxes," that is, both real property and personal property taxes. It speaks of more than taxes and says, that the treasurer shall be the receiver and collector "of all fines, forfeitures or penalties received by any person or officer for the use of his county." It then fixes the due date of taxes upon real property, after which, if not paid, they become delinquent and charged with interest at twelve per cent per annum. Then, in the proviso above quoted, it says that a rebate of three per cent shall be allowed, whenever taxes on real property shall be paid in full on or before March 15 next prior to the date of delinquency. It then reads: "All rebates allowed under this section shall be charged to the county current expense fund," and finally, "all collections from penalties and interest on delinquent taxes shall be credited to the current expense fund." It does not say all collections from penalties and interest, or interest alone, on delinquent real property taxes; nor does it say all collections from interest provided for in this section, which would mean interest on delinquent real property taxes that are

spoken of in the section. On the contrary it says "*all collections from penalties and interest on delinquent taxes* shall be credited to the current expense fund," manifestly meaning penalties and interest on both delinquent real property taxes and delinquent personal property taxes, whenever and as they shall occur, just as by the language, "the county treasurer shall be the receiver and collector of all taxes," found in the commencement of the section, the legislature intended to include both real property taxes and personal property taxes.

Affirmed.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.