[No. 20624.  Department One.  September 13, 1927.]

## UNION TRUST COMPANY OF SPOKANE, *Appellant,* v. SPOKANE COUNTY, *Respondent.*[1]

[1] TAXATION (28) — BANKS AND TRUST COMPANIES — LIABILITY TO TAXATION AS BANK.  A trust company, authorized by Rem. Comp. Stat., § 3231, to execute all the powers of banks, but which has never functioned as a bank, is not taxable as a bank, under Id., § 11143, governing the assessment of "banks," defined by Id., § 3221 as excluding "trust" companies; since the tax statute, strictly construed, refers only to the taxation of institutions actually engaged in banking.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered January 22, 1927, upon findings in favor of the defendant, in an action to recover taxes paid under protest.  Reversed.

*Wakefield & Witherspoon* and *Garrecht & Twohy* (*Harry T. Davenport,* of counsel), for appellant.

*Chas. W. Greenough* and *A. O. Colburn,* for respondent.

*Roberts & Skeel* and *Elwood Hutcheson, amici curiae.*

FRENCH, J.—The plaintiff, a corporation, was organized under the laws of the state of Washington prior to the year 1917 as a trust company.  Under the act of 1917, Rem. Comp. Stat., § 3231 [P. C. § 274], certain powers were conferred upon trust companies, the first of which is—

"To execute all the powers and possess all the privileges conferred on banks."  Laws of 1917, p. 281.

It is stipulated in this case that the trust company has not functioned as a bank, as the word "bank" is ordinarily used, since 1917.

[1]Reported in 259 Pac. 9.

7—145 WASH.

[1]    The question involved in this appeal is, does the plaintiff's capacity, under the law, to exercise banking functions make it taxable as a bank under Rem. Comp. Stat., § 11143 [P. C. § 4467], which reads as follows:

"All the shares of stock in banks whether of issue or not, existing by authority of the United States or of the state, and located within the state, shall be assessed to the owners thereof in the cities or towns, where such banks are located, and not elsewhere, in the assessment of all state, county and municipal taxes imposed and levied in such place whether such owner is a resident of said city or town or not; all such shares shall be assessed at their full and fair value in money on the first day of March in each year, first deducting therefrom the proportionate part of the assessed value of the real estate belonging to the bank. And the persons or corporations who appear from the records of the banks to be owners of shares at the close of the business day next preceding the first day of March in each year shall be taken and deemed to be the owners thereof for the purposes of this section."

In *Mercantile Bank v. New York,* 121 U. S. 138, the court, discussing the distinction between banks and trust companies, said:

"The business of banking, as defined by law and custom, consists in the issue of notes payable on demand, intended to circulate as money where the banks are banks of issue; in receiving deposits payable on demand; in discounting commercial paper; making loans of money on collateral security; buying and selling bills of exchange; negotiating loans, and dealing in negotiable securities issued by the government, state and national, and municipal and other corporations. . . . Trust companies, however, in New York, according to the powers conferred upon them by their charters and habitually exercised, are not in any proper sense of the word banking institutions. . . . It is evident, from this enumeration of powers, that trust companies are not banks in the commercial sense

of that word, and do not perform the functions of banks in carrying on the exchanges of commerce.''

Section 3221, Rem. Comp. Stat. [P. C. § 264], defines banking and banks as follows:

''The term 'banking' shall include the soliciting, receiving or accepting of money or its equivalent on deposit as a regular business.

''The term 'bank,' where used in this act, unless a different meaning appears from the context, means any corporation organized under the laws of this state engaged in banking, other than a trust company, or a mutual savings bank.''

In a very early case decided by Judge Greene of our territorial court (apparently not reported in our own decisions), cited with approval and quoted from at length in *Wells, Fargo & Co. v. Northern Pacific R. Co.*, 23 Fed. 469, the following very pertinent observations are made:

'' 'Looking further at this section, the intent of it seems to be, not to exclude a corporation simply because so fortunate or unfortunate as to be clothed with banking powers, or powers used in banking, even so as to be exercised in chief, but rather to exclude one exercising or claiming to exercise them in fact. The section seems to be leveled, not at abstract or dormant power, but at actual deed or endeavor.' ''

In *State ex rel. Compton v. Buder,* 308 Mo. 253, 271 S. W. 770, a case more nearly like this than any other we have found, the court, in interpreting statutes practically identical in meaning with our own, uses the following language:

''We may assume for the purpose of this case that the powers granted to land banks are sufficiently broad to constitute them banks or institutions doing a banking business, in a limited way, it is true, but nevertheless banks within approved definitions and our own section 12775. But, as our statute provides for taxes

of shares of stock only in institutions which are actually banks or which are doing such banking business, and as the land bank is not actually doing such banking business, it appears that the shares of stock therein are not taxable under section 12775.''

''In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen.'' *Gould v. Gould*, 245 U. S. 151.

The rule, as stated above, that taxation statutes must be strictly construed, seems to be in harmony with the great weight of authority.

We hold that, under our taxing statute, above quoted, only institutions actually engaged in banking are taxable as banks, and this regardless of their corporate powers.

Judgment reversed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and MAIN, JJ., concur.