Argued February 19; affirmed March 17, 1936

# CITY OF PORTLAND *v.* PRATT
(55 (2d) 799)

*Frank S. Sever*, of Portland, Deputy District Attorney (James R. Bain, District Attorney, of Portland, on the brief), for appellants.

*Frank S. Grant* and *Willametta McElroy*, both of Portland, for respondent.

KELLY, J. This case involves a construction of chapter 326, Oregon Laws 1933, pp. 502-3. By the terms of this act, section 69-720, Oregon Code 1930, as amended by chapter 224, Oregon Laws 1931, p. 352, was amended so as to read as follows:

"Sec. 69-720. The first quarter of all taxes levied and charged shall be paid on or before the fifteenth day of March next following, the second quarter on or before the fifteenth day of June next following, the third quarter on or before the fifteenth day of September next following, and the fourth quarter on or before the fifteenth day of December next following. Interest shall be charged and collected on any tax or quarter of a tax, not so paid, at the rate of two-thirds of 1 per cent per month or fraction of a month until paid; provided, that a rebate of 2 per cent shall be allowed on each quarter of the taxes on any separate parcel of real property, or on the personal property of any taxpayer, for each full period of three months by which the payment of such quarter precedes the due date thereof. All taxes or quarters of taxes not paid on or before the fifteenth day of December shall become delinquent. The days or dates herein specified and provided are final as to the payment of all interest charges irrespective of any such day or date falling on a Sunday or other legal holiday. All interest shall be prorated and credited to the several municipal corporations and districts sharing in such taxes. Except as to the prorating and crediting of interest as herein provided, the provisions of this section, as herein amended, shall not become effective until January 1, 1934."

The defendants contend that said chapter 326 did not become effective for any purpose until January 1, 1934. The plaintiff's theory is that the interest prorating clause became effective June 9, 1933, or, in other words, 90 days from the end of the 1933 session of the legislature.

Defendants urge that to justify the construction, which deprives the county of the revenue it would receive from interest on delinquent city taxes collected during 1933, the intention of the legislature to effect that result must plainly and clearly appear. We think that such an intention does so appear. We are unable to ascribe any other meaning to the phrase in the last sentence of the section expressly excepting the provision as to the prorating and crediting of interest from the provisions of the section which were not to become effective until January 1, 1934.

■ Defendants do not contend that the legislature is without power to effect a diversion of the interest upon taxes from the county to the respective municipalities by and for which the taxes were levied; but argue that the quoted section comprises an entirely new system of tax collection and that in ascertaining the meaning of the term "such taxes" we are restricted to a consideration of this one section. We think that we should consider the former statute, the remedy sought by the amendment and the amendment itself. The former section (section 69-720, Oregon Code 1930; General Laws of Oregon 1929, chap. 132, § 1, p. 99, as amended by chap. 224, Oregon Laws 1931, p. 352) provided for semiannual payments of taxes on or before the 5th day of May and the 5th day of November respectively. It also provided that all interest should be for the benefit of the county except that, in case of assessments levied by an irrigation or drainage dis-

trict, the penalties and interest should accrue to and be held for the benefit of the irrigation or drainage district levying the same.

The remedy sought by the amendment under consideration was to afford the taxpayer an opportunity to make quarterly, instead of semiannual, payments and to divert the interest, upon delinquent city or district taxes, from the county to the respective municipalities and districts. No new or distinctive system was introduced.

Originally, the present statute upon assessment and taxation was enacted in 1907. The above quoted section was section 26 of the 1907 act: General Laws of Oregon 1907, chap. 267, § 26, pp. 462, 463. The original section provided a 10 per cent penalty for the benefit of the county; and interest at the rate of 12 per cent per annum from the day on which the taxes became delinquent for the benefit of the county or other corporation having an interest in any portion of such taxes.

In 1913, the act was again amended and the following provision, with respect to penalties and interest, was enacted:

"All penalties and interest charged and collected, as provided in this section, shall be for the benefit of the county and the municipal corporations or districts which may have an interest in any portion of such taxes." General Laws of Oregon 1913, chap. 184, § 20, pp. 334, 335.

In 1915, another amendment was made. It provided:

"All penalties and interest shall be for the benefit of the county. This section as now amended shall not apply to collections on any roll prior to that for the year 1915, but such collection shall proceed as though this amendment had not been made." General Laws of Oregon 1915, chap. 156, § 1, pp. 184, 185.

In 1919, again the section was amended and penalties and interest were again declared to be for the benefit of the county. General Laws of Oregon 1919, chap. 165, § 1, pp. 230-1.

In 1923, penalties and interest were again declared to be for the benefit of the county, except penalties and interest on irrigation district taxes: General Laws of Oregon 1923, chap. 261, § 1, pp. 374-5.

In 1925, it was declared that—

"All penalties shall be for the benefit of the county. All interest shall accrue to and be held for the benefit of the district levying the tax." General Laws of Oregon 1925, chap. 48, § 1, p. 66.

In 1927, all penalties and interest were declared to be for the benefit of the county: General Laws of Oregon 1927, chap. 327, p. 422.

In 1929, it was provided that all penalties and interest should be for the benefit of the county except that penalties and interest against delinquent irrigation or drainage district taxes should accrue to the irrigation or drainage district levying the same: General Laws of Oregon 1929, chap. 132, § 1, p. 99; section 69-720, Oregon Code 1930.

Defendants stress the purported significance of the words "such taxes" which are the last two words of the penultimate sentence in the quoted section under consideration.

■ We can not subscribe to the construction which renders this term applicable merely to the taxes mentioned in one section of the assessment and taxation act no matter how often such section may have been amended. In giving effect to the exception made in the last sentence of the section, we conclude that the term "such taxes" in the sentence immediately before the

last one refers to all or any taxes levied under any of the provisions of the act originally passed in 1907, by or for the benefit, in whole or in part, for municipal corporations or districts other than the county. If interest upon those taxes or any of them be collected by the sheriff and tax collector, such interest shall be prorated as provided in said quoted section.

■ *City of New Whatcom v. Roeder,* 22 Wash. 570 (61 P. 767), involved the question here presented as to the effect of a change in the law with respect to the disposition of penalty, interest and costs on delinquent taxes. There, the new law gave these funds to the county. The court held that the part of the fund collected after the new law went into effect should be controlled by the provisions of the new enactment; and that the part of the funds collected and placed to the credit of the municipality prior to the enactment of the new law should be undisturbed.

The order of the trial court is affirmed.

CAMPBELL, C. J., and BELT and ROSSMAN, JJ., concur.