[No. 26979. Department One. June 22, 1938.]

THE STATE OF WASHINGTON, *Appellant*, v. THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY, *Respondent*.[1]

*The Attorney General* and *R. G. Sharpe, Assistant*, for appellant.

*McMicken, Rupp & Schweppe* and *Winlock Miller, Jr.*, for respondent.

[1]Reported in 80 P. (2d) 780.

SIMPSON, J.—This is an appeal from a judgment of the superior court denying the state recovery of certain penalties and interest claimed to be due from respondent under the state business tax·act, chapter 191, Laws of 1933, p. 869.

The state, through the attorney general, alleges in its complaint in the alternative for penalties and interest claimed to be due under chapter 191, Laws of 1933, in the amounts of $94,926.50 or $47,463.25, the alternative amounts being determined by certain calculations upon a twelve per cent and six per cent basis. The twelve per cent basis represents the penalty named in § 10, p. 883, of the act, and the six per cent charge being based on the theory that the tax was a debt and the state was entitled to the legal rate upon the taxes from their due dates until paid.

In its answer the defendant denied the allegations to which we have just referred. The action was tried to the court sitting without a jury, and after trial judgment of dismissal was entered. This appeal by the state followed.

The undisputed facts as disclosed by the record are as follows: Respondent is a public utility company engaged in conducting an interstate and ·intrastate telephone and telegraph business in the state of Washington. August 1, 1933, it became subject to the payment of the tax imposed by the provisions of chapter 191, *supra.* In September of that year, respondent's officers stated to the state tax commission that they believed the law to be unconstitutional and void as to respondent company, and would not pay the tax. November 15, 1933, the attorney for respondent told the tax commission that he would bring an action in the state courts to determine the constitutionality of the law but would not seek a temporary injunction until

the commission took steps to enforce the provisions of the statute.

At that time, the tax commission had not been able to set up any machinery for the administration of the act, nor had it formulated any rule or regulation by which the tax liability of respondent could be determined. Mr. T. M. Jenner, a member of the state tax commission in charge of the administration of chapter 191, testified that the enforcement of the act was deferred pending litigation instituted by certain railway companies attacking the validity of the act; that the final decision of the supreme court, upholding its validity (*Pacific Tel. & Tel. Co. v. State Tax Commission,* 183 Wash. 697, 48 P. (2d) 938), was not entered until August 13, 1935; and prior to April 13, 1934, the commission had not been able to complete the necessary procedure and adopt appropriate and necessary regulations for the administration of the act, and a determination of the income of the telephone companies.

During October, 1933, the commission, in view of the lack of a formula by which the tax could be determined and also because of the pending litigation instituted by the railway companies, decided that it would not be necessary for respondent to file returns until further notice. June 1, 1934, respondent was notified by the appellant that it should file returns as required by the act. The returns were accordingly filed by the company June 4, 1934, covering the period from August 1, 1933, to and including April 30, 1934.

The tax commission, June 8, 1934, issued a notice to respondent to pay the tax covered by returns already made by the company. Then, in accordance with an arrangement made in October, 1933, to the effect that the respondent would not secure a temporary injunction until such time as the commission should compel

the respondent to file a return or pay the tax, the company applied for and was granted a temporary restraining order by the superior court. Thereafter the trial court decided in favor of the telephone company and granted a permanent order restraining enforcement of chapter 191, *supra.*

Appellant appealed to this court, which reversed the decree of the superior court. *Pacific Tel. & Tel. Co. v. State Tax Commission, supra.* This respondent then appealed to the supreme court of the United States, which court, March 2, 1936, affirmed our decision. *Pacific Tel & Tel. Co. v. Tax Commission of the State of Washington,* 297 U. S. 403, 80 L. Ed. 760, 56 S. Ct. 522, 105 A. L. R. 1.

March 10, 1936, respondent paid to the state of Washington the sum of $689,193.24 in payment of the amount of the business and public utilities tax due under chapter 191, Laws of 1933, and chapter 180, Laws of 1935, p. 706, Rem. Rev. Stat. (Sup.), § 8370-1 [P. C. § 7030-61] *et seq.,* the former act having been amended by chapter 180, *supra.* Of the amount paid, $486,959.43 represented the payment of taxes due under chapter 191.

The agreement relative to the payment between respondent and the state tax commission was, that the payment of the sum just mentioned fully satisfied respondent's liability for all amounts claimed to that date. No penalties had ever been assessed by the commission, and no interest was charged. The commission followed the ruling it had previously made and applied to all taxpayers paying delinquent taxes.

This appeal involves the following three questions:

(1) Under chapter 191, Laws of 1933, was the taxpayer liable for 12% penalty on delinquent taxes as to which it had made the statutory return but no payment?

(2) Is the state entitled to legal interest on delinquent taxes for which the taxpayer is personally liable, even though the statute imposing the tax is silent as to interest?

(3) Is the state entitled to legal interest on delinquent taxes, the collection of which the taxpayer has caused to be restrained by writ of injunction, and by supersedeas pending appeal?

■ Chapter 191, *supra,* requires certain acts to be performed by the tax commission, some of which are at least discretionary. First, to determine and assess the amount of taxes due; second, to compute and add to the taxes so determined the penalties; and last, to notify the taxpayer by mail of the total amount of the tax and added penalties. The tax commission did none of the acts required in order to collect the penalty. It appears from the testimony the tax commission never desired to add or collect either penalty or interest because of the conditions surrounding the enforcement of the act immediately after its passage.

Laws relating to taxation, and the imposition of penalties for derelictions in payment of taxes are construed against the government and in favor of the citizen. *Gould v. Gould,* 245 U. S. 151, 62 L. Ed. 211, 38 S. Ct. 53; *Union Trust Co. v. Spokane County,* 145 Wash. 193, 259 Pac. 9; *Weyerhaeuser Timber Co. v. Henneford,* 185 Wash. 46, 53 P. (2d) 308; *Millett v. Mullen,* 95 Me. 400, 49 Atl. 871.

The statutory conditions precedent to the imposition of the 12% penalty not having been followed, it cannot be imposed upon respondent.

■ Appellant next maintains that the respondent is liable for interest upon delinquent taxes even though · the statute is silent as to interest, for the reason that the tax in question is a debt due the state for the privilege of conducting business.

This contention is based upon Rem. Rev. Stat., § 7299 [P. C. § 3155], reading as follows:

"Every loan or forbearance of money, goods, or thing in action shall bear interest at the rate of six per centum per annum where no different rate is agreed to in writing between the parties. . . ."

In view of the cases of *New Whatcom v. Roeder,* 22 Wash. 570, 61 Pac. 767, and *Henry v. McKay,* 164 Wash. 526, 3 P. (2d) 145, 77 A. L. R. 1025, in which we held that a delinquent tax was not a debt and did not bear interest unless so provided by statute, appellant argues that we were then considering a property tax, and not a privilege tax, contending that a different rule should be applied to the latter.

In order to prove the tax a debt, appellant cites § 16, p. 888, of the act of 1933, which reads as follows:

"Any tax due and unpaid under this act and all increases and penalties thereon shall constitute a debt due the State of Washington and may be collected by court proceedings in the same manner as any other debt in like amount, which remedy shall be in addition to any and all other existing remedies. . . ."

Appellant also relies upon *Dingle v. Camp,* 121 Wash. 393, 209 Pac. 853, in support of the proposition that a tax is a debt. However, § 16 of the act, *supra,* does not provide for the exaction of interest as such, nor does the case relied upon hold that interest may be charged upon a tax due the state.

Appellant argues from the premises just stated that the taxes under consideration are a debt due the state, and being debts they may be collected as such with accrued interest. Persuasive as appellant's argument is, we cannot agree that interest may be recovered in an action to collect an occupation tax provided for by the act in question.

While many courts have spoken of the tax as a debt,

and the statute calls it such, we believe the better view is that the term "debt" when used relative to taxes does not connote its commonly used or accepted meaning, nor did the legislature intend Rem. Rev. Stat., § 7299, to be applicable to taxes, but only to contractual obligations. Designating a tax a "debt" does not change its character. It remains a tax subject to all rules of law relating thereto. The tax is in truth a liability that may be collected in an action as upon debt.

In speaking on this subject the supreme court of Wisconsin, in the case of *State v. Chicago & N. W. R. Co.*, 128 Wis. 449, 108 N. W. 594, on page 608, ably pointed out the difference between a debt and a liability as follows:

"There is some confusion in judicial expressions as to whether an ordinary tax is a debt. Because it is a liability, it will be found sometimes spoken of as the former, no idea of the contractual element necessary to one strictly so-called being in mind. As a rule, whenever any court has been required to decide whether such a tax involves such element the decision has been in the negative. One might easily be misled by reading the different expressions even of the same court on the subject, if the circumstances under which the varying expressions were used are not taken into consideration."

The following concise statement of the rule is given in 1 Cooley on Taxation (4th ed.), 88, § 22:

"A tax is not regarded as a debt in the ordinary sense of that term, for the reason that a tax does not depend upon the consent of the taxpayer and there is no express or implied contract to pay taxes. Taxes are not contracts between party and party, either express or implied; but they are the positive acts of the government, through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent individually is not required. They cannot be assigned as debts, or be proved in

bankruptcy as such; nor, if uncollected, are they assets which can be seized by attachment or other judicial process, and subjected to the payment of municipal indebtedness. They are not the subject of setoff, either on behalf of the state or the municipality for which they are imposed, or of the collector, or on behalf of the person taxed, as against such state, municipality or collector. They do not draw interest, as do sums of money owing upon contract; but only when it is expressly given."

In *Henry v. McKay,* 164 Wash. 526, 3 P. (2d) 145, 77 A. L. R. 1025, we said:

"Delinquent taxes do not bear interest unless so provided by statute. *New Whatcom v. Roeder,* 22 Wash. 570, 61 Pac. 767; Cooley on Taxation (4th ed.), § 1274. In *New Whatcom v. Roeder, supra,* we said:

" 'A tax is not a debt and does not bear interest unless imposed by statute. . . . In tax laws penalties proper and interest charges are imposed for mere delinquencies in order to hasten payment. The general law of the state imposes this charge as a penalty for neglect to pay the tax in due season.' "

A situation similar to ours faced the supreme court of Texas in the case of *Western Union Tel. Co. v. Texas,* 55 Tex. 314. Texas had levied an occupational tax upon the telegraph business. The validity of the tax having been upheld after litigation, the state attempted to recover interest upon the tax. In denying the claim of interest, that court said:

"Until the legislative will has been expressed that the burden on the tax-payer shall be thus increased, interest should not be allowed. Taxes are distinguishable from ordinary debts, bearing interest."

Speaking on this subject the New York court of appeals remarked in the case of *People v. Gold & Stock Tel. Co.,* 98 N. Y. 67:

"The State at its pleasure created the charge or tax, and prescribed the penalty for default in payment. No other can be collected. In this case the comptroller

is directed to add 'ten per centum to the tax of said corporation or company . . . for each and every year for which such tax shall not have been paid' (§ 2), and by section nine an action is given to the people for the tax imposed. Interest is not given either by this act or by any general law of the State. The payment of it cannot be imposed by implication. What the State omitted to demand, the court cannot require."

The general rule of practically all jurisdictions is well stated in *Billings v. United States*, 232 U. S. 261, 58 L. Ed. 596, 34 S. Ct. 421, as follows:

"The cyclopedias and textbooks state the doctrine to be that in the absence of a statute expressly so directing, taxes bear no interest. The principle is thus announced in 37 Cyc., p. 1165: 'Delinquent taxes do not bear interest unless it is expressly so provided by statute. But it is competent for the legislature to prescribe the payment of interest as a penalty for delay in the payment of taxes, and to regulate its rate. This, however, can be effected only by an act plainly manifesting the legislative intention as to the right to recover interest, its amount, and the date from which it shall begin, the latter being ordinarily the time when the assessment is complete and the taxes become payable.' Cooley on Taxation, p. 17; Sedgwick on Damages (9th ed.), § 332; Sutherland (3d ed.) § 337; Black on Tax Titles (2d ed.), § 236, and see note in 6 L. R. A. (N. S.), p. 694. And the statement of the text is borne out by the decided cases in nearly all of the state courts of last resort. . . .
"The conflict between the systems is pronounced and fundamental. In the one, the state rule, except as to contract, no interest without statute; in the United States rule, interest in all cases where equitably due unless forbidden by statute. In one no suit for taxes as a debt without express statutory authority; in the other, the right to sue for taxes as for a debt in every case where not prohibited by statute."

We are in accord with the great weight of authority that a tax does not draw interest unless it is provided for by statute.

■ In defense of its third proposition appellant cites three Kentucky cases, *Louisville & N. R. Co. v. Commonwealth*, 29 Ky. L. 666, 94 S. W. 655; *Klein v. Jefferson County Board of Tax Com'rs*, 242 Ky. 328, 46 S. W. (2d) 480; *Bingham's Adm'r v. Commonwealth*, 199 Ky. 402, 251 S. W. 936, in each of which the court held that the state could collect interest upon a tax the payment of which was restrained by court action.

Our attention has not been called to nor have we been able to find any other jurisdiction in which a similar principle has been announced.

It seems to us that the better rule is laid down in *Illinois Central R. Co. v. Adams*, 78 Miss. 895, 29 So. 996, in which case it appears that the railway company had sued to enjoin the collection of certain taxes. Upon securing the injunction it had executed a bond. Thereafter judgment was given in favor of the state and against the railway company for interest at the legal rate upon the amount of taxes due for the period during which the operation of the injunction delayed the collection of the tax. It was held that there being no statutory provision therefor, the interest on the delinquent taxes could not be recovered, the court saying:

"Can interest upon delinquent taxes be recovered upon an injunction bond by designating them as 'damages?' If it can be thus recovered, they surely would be recoverable in a direct suit therefor. The basis for recovery must be the same in both instances. Calling interest 'damages' could not operate to make that liable which was not liable under the name of interest. Interest is entirely statutory. . . .

"Interest is not allowable upon delinquent taxes by way of damages.

"Appellees insist, with much earnestness, that this judgment appealed from herein, is not rendered for interest, but damages for loss of interest, arising under an express contract by the terms of the bond. The terms of the bonds are always construed *strictissimi*

*juris,* and the word damages therein must be taken to mean such damages as were allowed by law. As the law did not authorize the recovery of interest upon taxes delinquent, before judgment, clearly no legal injury could result by withholding that which the law did not authorize to be recovered."

To the same effect, see *Wade v. Murrhee,* 75 Fla. 494, 78 So. 536; *State ex rel. Western Union Tel. Co. v. Markway,* 110 S. W. (2d) (Mo.) 1118; and *Western Union Tel. Co. v. Texas, supra.*

In harmony with the great weight of authority we hold that interest cannot be collected upon taxes due unless so provided by statute, and this rule applies at all times both before and after the institution of actions to collect the tax or to test the validity of a taxing act.

The judgment is affirmed.

HOLCOMB, MAIN, BEALS, and GERAGHTY, JJ., concur.