[No. 33747. *En Banc.* October 31, 1957.]

UNITED STATES STEEL CORPORATION, *Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*[1]

*Evans, McLaren, Lane, Powell & Beeks* and *Raymond W. Haman* (*Thomas Ashby* and *D. J. McDaniel,* of counsel), for appellant.

*The Attorney General* and *Keith Grim, Assistant,* for respondent.

MALLERY, J.—This is an action to recover the business and occupation tax assessed against the plaintiff by the tax commission of the state of Washington. The tax was measured by the gross proceeds of its sales to Washington customers pursuant to the provisions of Title 82 of RCW.

The plaintiff is a New Jersey corporation. It does not manufacture any of its products in this state. About seventy-five percent of the goods it sells in Washington is purchased from other manufacturers outside of the state.

The plaintiff maintains a local sales office in Seattle, Washington, where an average of forty-two residents are employed. It sells at retail and wholesale to Washington

[1]Reported in 316 P. (2d) 1099.

customers. Most of the goods are ordered by the local office before or while they are in the process of manufacture. They are priced at the place of manufacture and shipped f.o.b. direct to the purchaser under purchase contracts which pass title to the buyers at the place of shipment.

The local sales force contacts prospective purchasers; takes their orders; passes upon the credit of purchasers, although, in rare instances, the plaintiff's San Francisco office gives final approval; forwards the orders to the manufacturers for confirmation, after which it sends a written acceptance of the order to the customers; keeps all of the records of the sales transactions; and handles billing and collections, maintaining a bank account for that purpose. Customer complaints are investigated by the local office, and recommendations for settlement are made, which are finally approved by the San Francisco office.

No new question is presented by the plaintiff on its appeal.

Its contention that the business and occupation tax violates Art. I, § 8, of the United States constitution was denied in *B. F. Goodrich Co. v. State,* 38 Wn. (2d) 663, 231 P. (2d) 325, wherein we said:

"All those who sell at wholesale within this state are now taxed equally upon that activity regardless of whether they manufacture in Washington or elsewhere. Because some other state might exercise its undoubted right to tax the privilege of manufacture with respect to goods ultimately sold in Washington [citing cases], this state need not forego its right to tax the business of selling those goods. Each state must derive its revenues from what goes on within its own borders. And if Washington's statute exempts local manufacturers from paying their tax as manufacturers, providing they also pay it as sellers, that, as appellant admits, can be of no concern to one who manufactures out of the state."

From the record, it appears that the sales activities of the Seattle office of appellant are decisive factors in establishing and holding the local market for its goods. Thus, it is subject to the tax. *Field Enterprises v. State,* 47 Wn. (2d) 852, 289 P. (2d) 1010 (affirmed, 352 U. S. 806, 1 L. Ed. (2d) 39, 77 S. Ct. 55).

■ Appellant argues that the tax should be apportioned between interstate and local activities. There is no question of apportionment here. The tax is measured solely by appellant's local wholesale and retail activities. No part of the tax is attributable to its manufacturing or other out-of-state activities. The sales are negotiated within the state of Washington, and the fact that delivery is made direct to the purchaser does not change the nature of the local transaction. *Norton Co. v. Department of Revenue of Illinois*, 340 U. S. 534, 95 L. Ed. 517, 71 S. Ct. 377; *Field Enterprises v. State, supra.*

The judgment is affirmed.

HILL, C. J., DONWORTH, FINLEY, WEAVER, ROSELLINI, OTT, and FOSTER, JJ., concur.