[No. 37770. En Banc. December 17, 1964.]

UNITED STATES STEEL CORPORATION, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant.**

*Reported in 397 P. (2d) 440.

The *Attorney General, Henry W. Wager* and *H. Eugene Quinn, Assistants,* for appellant.

*Evans, McLaren, Lane, Powell & Moss* and *Raymond W. Haman,* for respondent.

WEAVER, J.—The State of Washington appeals from a money judgment entered against it. The case is before us on an agreed statement of facts.

The State Tax Commission imposed a Business and Occupation Tax on respondent for the period August 1, 1950 to December 31, 1951. The tax was upheld by the superior court and affirmed by this court in *United States Steel Corp. v. State,* 51 Wn. (2d) 224, 316 P. (2d) 1099 (1957); appeal dismissed 358 U. S. 46, 3 L. Ed. (2d) 44, 79 S. Ct. 40 (1958).

Although the former action involved only taxes accruing prior to 1952, the parties recognized that the decision determined whether taxes were due for succeeding years. When the former action was finally resolved in 1958, the Tax Commission audited the books of respondent. Respondent had waived the statute of limitations several times during pendency of the first action.

After audit, the Tax Commission assessed respondent the amount of business and occupation taxes due, and assessed *interest* thereon pursuant to RCW 82.32.050, quoted *infra.* Respondent paid the amount of the deficiency and *interest,* and then commenced this action to recover the amount of *interest* it had paid. The principal amount of the deficiency is not challenged; the only question on this appeal is the constitutionality of that part of RCW 82.32.050 reading as follows:

"If, upon examination of any returns or from other information obtained by the tax commission it appears that a tax or penalty has been paid less than that properly due, the commission shall assess against the taxpayer such additional amount found to be due and *may add thereto interest at the*

*rate of not more than six percent per annum* from the respective due dates of such additional amount until date of such assessment, . . ." (Italics ours.)

under which the Tax Commission added *interest* to the deficiency assessment.

The trial court found that the discretion given to the Tax Commission (1) was an unconstitutional delegation of legislative power, (2) denied respondent equal protection of the law, and (3) denied respondent due process of law. In view of the decision we reach in this case, we need not discuss the second and third reasons advanced by the trial court.

The Tax Commission has not always enjoyed its purported discretionary authority to assess interest and other penalties. The original Occupation Tax Act of 1933 (Laws of 1933, chapter 191, § 10) provided for *no* interest or other penalties, except when no tax return was filed. The Revenue Act of 1935 (Laws of 1935, chapter 180, § 188) imposed a *mandatory* interest penalty of 1 per cent per month of the amount of the additional tax. Laws of 1937, chapter 227, § 17 eliminated interest and provided a *discretionary* 10 per cent penalty only after notice to the taxpayer and opportunity to pay the deficiency assessment. Laws of 1939, chapter 225, § 27 again imposed *mandatory* interest and penalties, leaving to the discretion of the Tax Commission the imposition of additional penalties. Laws of 1945, chapter 249, § 9 provided that the Commission

". . . *shall* add thereto interest at the rate of not more than six per cent (6%) per annum from the respective due dates of such additional amount until date of such assessment. . . ." (Italics ours.)

Laws of 1949, chapter 228, § 20 changed the word "shall" to "may" so that the Tax Commission

". . . *may add thereto interest* at the rate of *not more than six per cent (6%) per annum* from the respective due dates of such additional amount until date of such assessment. . . ." (Italics ours.)

This language has remained the same through subsequent sessions of the legislature. See Laws of 1951, Ex. Ses., chapter 9, § 5; Laws of 1961, chapter 15, § 82.32.050.

██  ██  A tax is not a debt and does not bear interest unless specifically imposed by statute. *New Whatcom v. Roeder*, 22 Wash. 570, 575, 61 Pac. 767 (1900); *Henry v. McKay*, 164 Wash. 526, 533, 3 P. (2d) 145, 77 A.L.R. 1025 (1931).

In *State v. Pacific Telephone & Telegraph Co.*, 195 Wash. 244, 252, 80 P. (2d) 780 (1938), this court said:

"The general rule of practically all jurisdictions is well stated in *Billings v. United States*, 232 U. S. 261, 58 L. Ed. 596, 34 S. Ct. 421, as follows:

" 'The cyclopedias and textbooks state the doctrine to be that *in the absence of a statute expressly so directing, taxes bear no interest*. The principle is thus announced in 37 Cyc., p. 1165: "Delinquent taxes do not bear interest unless it is expressly so provided by statute. But *it is competent for the legislature to prescribe the payment of interest* as a penalty for delay in the payment of taxes, and to regulate its rate. *This, however, can be effected only by an act plainly manifesting the legislative intention as to the right to recover interest, its amount, and the date from which it shall begin,* . . . And the statement of the text is borne out by the decided cases in nearly all of the state courts of last resort. . . ." ' " (Italics ours.)

It is apparent from the language of RCW 82.32.050 (quoted *supra*) that the legislature has *not* imposed interest on delinquent tax assessments of the particular tax involved. It purports to leave the assessment of interest, and the percentage thereof, not exceeding 6 per cent per annum, or nonassessment of interest, to the sole discretionary power of the Tax Commission.

The language of *Peterson v. Hagan*, 56 Wn. (2d) 48, 62, 351 P. (2d) 127 (1960), in which Laws of 1959, chapter 294, §§ 3 and 5 were held unconstitutional, is apropos in the case before us. The court said:

" . . . The vice of the challenged section is that it fails to distinguish between intrinsic legislative power and administrative rule-making power to execute a declared legislative purpose. Administrative rule-making power must be circumscribed by definite standards. Here there is an undisguised attempt at delegation of pure legislative power. The constitution forbids."

In a well-considered oral opinion, the trial court pointed out that

".  .  . there cannot be equality before the law unless there are general laws that apply to everyone similarly situated.

"I think it is possible to have a government which is or becomes despotic, but I think our forefathers felt that there was no hope for a nation of free people unless it was based on a government of law. Government of men is, by its very nature, despotism. There is no hope for a free society under the philosophy of a government of men." [1]

".  .  . it must be frustrating .  .  . for a taxpayer to deal with a branch of his government where he is not able to find anywhere in writing the rules and regulations that prescribe how it came about that he was assessed a penalty for interest and why someone else was not."

The trial court concluded that RCW 82.32.050 (quoted *supra*) is unconstitutional because it violates Art. 2, § 1 (amendment 7) of our state constitution, which vests legislative power in the state legislature, reserving the powers of initiative and referendum to the people. We agree.

In short, giving to the Tax Commission the power to determine, in its sole and unrestricted discretion, the amount, if any, of interest not exceeding 6 per cent per annum, on delinquent taxes is an unconstitutional delegation of legislative authority in the absence of a declared legislative purpose and of accompanying rules of action, standards and guidelines whereby the exercise of discretion may be meas-

---

[1](Footnote by Supreme Court.) The phrase ".  .  . to the end it may be a government of laws and not of men" appears at the conclusion of the Bill of Rights of the Commonwealth of Massachusetts (Art. XXX), the drafting of which is attributed to John Adams. It was adopted as the inscription on the American Bar Association medal awarded for conspicuous service to American jurisprudence. 15 Am. Bar Assn. Jour. 746 (1929).

The phrase is not without its critics.

"A government of laws without men is as visionary as a government of men without laws; the solution will always be a compromise based on experience." Learned Hand, "The Deficiencies of Trials to Reach the Heart of the Matter," 3 Lectures on Legal Topics, Assn. Bar of City of N. Y. 102 (1926), as quoted and cited in Ragbag of Legal Quotations, 113 (Matthew Bender & Co. 1960).

ured. *State v. Gilroy*, 37 Wn. (2d) 41, 221 P. (2d) 549 (1950), and cases cited.

The judgment is affirmed.

ALL CONCUR.