[No. 38785.    En Banc.    July 3, 1968]

THE BOEING COMPANY et al., *Appellants*, v. THE STATE OF WASHINGTON, *Respondent and Cross-appellant.**

*Reported in 442 P.2d 970.

*Holman, Marion, Perkins, Coie & Stone, Andrew M. Williams, James M. Hilton, Graham H. Fernald, Mitchell Rogovin, Meyer Rothwacks, William Massar, J. Edward Shillingburg, Eugene G. Cushing,* and *Charles W. Billinghurst,* for appellants.

*The Attorney General, James A. Furber, Special Assistant,* and *Timothy R. Malone, Assistant,* for respondent and cross-appellant.

*Helmut Wallenfels,* amicus curiae.

ROSELLINI, J.—This appeal concerns the use tax, imposed

under RCW 82.12.020, as amended by Laws of 1959, Ex. Ses., ch. 3, § 10, as applied to bailments.

The Boeing Company and the United States appealed to the superior court from an order of the tax commission assessing additional taxes and penalties. The trial court held that the tax was valid and proper and did not offend the Constitution of the United States or of this state. Boeing has appealed, contending that the trial court erred in failing to sustain its contention that the statute did not apply to its use of the property in question and its further contention that the statute, as applied by the tax commission, denied to Boeing the equal protection of the laws.

The act provides, in pertinent part:

> There is hereby levied and there shall be collected from every person in this state a tax or excise for the privilege of using within this state as a consumer any article of tangible personal property purchased at retail, or acquired by lease, gift, or bailment, or extracted or produced or manufactured by the person so using the same.

Boeing concedes that, during the period of time involved, it used certain tools and other property belonging to the United States government, for which it was not charged. The reason it was not charged for the use of this property was that it performed contracts for the government on a cost-plus basis, and had the government charged it for the use of government property in the manufacturing process, that charge would have been added to the cost and reimbursed by the government.

The property in question was placed in the possession of Boeing and used for periods of time varying from a few days to many years.

■ It is Boeing's first contention that it did not use this property under bailment, as that term was defined by the tax commission's rule 211, because it did not have "exclusive possession" of the property. Its theory is that, because the government had the right to control the use of the property, its possession was not "exclusive." The statute

makes no mention of the right of exclusive possession; but, assuming that the tax commission correctly construed it in promulgating its rule 211, the fact that Boeing did not have exclusive control of its own use of the property does not mean that it did not have exclusive possession. Although the bailment of this property was terminable at the will of the government, and although it had the right to direct Boeing in its use, the property was within the exclusive possession of Boeing during the time that it held it. It shared that possession with no one nor did it share its use. Neither the statute nor the rules of the commission, insofar as they have been brought to our attention, required that, before the tax could be imposed upon a bailee, it must have been shown that he had exclusive control of his own use of the article in question. The trial court correctly ruled that the property used by Boeing was held under bailment.

The remaining contention of Boeing is that the distinction made by the tax commission between bailees and lessees, in determining the basis upon which the tax should be computed, renders the act arbitrary and denies to Boeing the equal protection of the laws.

During the period of time involved in this action, the tax commission based the tax on leased property on the rentals charged. On bailed property, it based the tax on the value of the article itself.[1] Boeing does not challenge the authority of the tax commission to make its rules whereby a different basis was used for taxation of bailments and leases, but contends that its exercise of authority in this respect resulted in a discriminatory tax.

■ Boeing concedes the following quoted from *Texas Co. v. Cohn*, 8 Wn.2d 360, 386, 112 P.2d 522 (1941) to be the applicable law:

---

[1]RCW 82.12.060 was amended by the 1961 legislature to add a provision stating:

In the case of property acquired by bailment, the commission, by regulation, may provide for payment of the tax due in installments based on the reasonable rental for the property as determined under RCW 82.12.010(1). Laws of 1961, ch. 293, § 16.

A state legislature has very broad discretion in making classifications in the exercise of its taxing powers. A classification of commodities, businesses, or occupations, for excise tax purposes, under which the classes are taxed at unequal rates, or one class is taxed and another is exempted, will be upheld as constitutional if it is not arbitrary nor capricious and rests upon some reasonable basis of difference or policy. The difference between the classes need not be great. It may consist of physical and chemical dissimilarity of commodities or difference in the character or manner of their uses. Classification may also be permissible if it is reasonably related to some lawful taxing policy of the state, such as greater ease or economy in the administration or collection of a tax, the selection of a fruitful source of revenue with the exemption of sources less promising, or the equalization of the burdens of taxation. If any such reasonable basis for the classification exists, or conceivably may exist, then the circumstance that there is competition between a commodity or business which is taxed and some commodity or business which is not taxed, does not materially affect the validity of the classification.

As Boeing also concedes, our later cases have emphasized that the legislature has a broad discretion in making classifications, holding that a classification will not be struck down if any state of facts reasonably can be conceived that would sustain it. An enactment is presumptively valid, and the burden is upon the challenger to prove that the questioned classification does not rest upon a reasonable basis. *Hemphill v. Tax Comm'n*, 65 Wn.2d 889, 400 P.2d 297 (1965), *appeal dismissed*, 383 U.S. 103, 15 L. Ed. 2d 615, 86 Sup. Ct. 716 (1966).

In *Black v. State*, 67 Wn.2d 97, 101, 406 P.2d 761 (1965), we said:

In *Hemphill, supra*, we upheld the exemption of bowling from a sales tax applied to the amusement industry. In *Armstrong, supra* [61 Wn.2d 116, 377 P.2d 409 (1962)], we upheld the application of a Business and Occupation Tax to general insurance agents, despite the fact that their counterparts working in insurance company branch offices were not so taxed. In *Texas Co., supra*, we upheld a tax on distributors of other types of fuel. Here, the

legislature has imposed an excise tax on leases of tangible personal property, while leases of similar property, land based, carry no such tax. Nevertheless, the difference in type of property—*i.e.*, tangible personal property versus real property—would be in itself enough of a difference to uphold the classification. Thus, there is no denial of equal protection.

Boeing says that the sole basis for distinguishing between one using property under bailment and one using it under a lease is that the lessee pays rent while the bailee does not. In so saying, it concedes a difference in fact; and it is this difference upon which the variation in the tax is based.

The complaint of Boeing that a bailee must necessarily pay a higher tax than the lessee, even if it be well founded (which we concede only for the purposes of argument), does not invalidate the tax. If the classification is reasonable, the legislature may tax one class and impose no tax at all upon the other. *Hemphill v. Tax Comm'n, supra.*

In *Black v. State, supra,* we held that a difference in type of property (a land-based hotel—real property, a floating hotel—personal property), even though there was little difference in the physical nature of the properties, was a sufficient basis for classification. By the same reasoning, a difference in the manner of holding property is a reasonable basis for distinction.

We need not examine the question whether there are other differences between a lease and a bailment, since the presence of a monetary consideration in one case and the absence of it in the other is a sufficient distinction to sustain the validity of the statute.

We find no error in the trial court's rulings on these points.

The state has filed a cross-appeal, based upon its contention that the trial court erred in holding that there is no valid and subsisting statute providing for the assessment of interest on delinquent excise taxes.

The conclusion of the trial court was that the decision of this court in *United States Steel Corp. v. State,* 65 Wn.2d 385, 386, 397 P.2d 440 (1964), striking down the interest

provisions of RCW 82.32.050, did not have the effect of reinstating the previous law governing this subject.

The portion of RCW 82.32.050 which was held unconstitutional in the cited case as an unlawful delegation of legislative power, is as follows:

"If, upon examination of any returns or from other information obtained by the tax commission it appears that a tax or penalty has been paid less than that properly due, the commission shall assess against the taxpayer such additional amount found to be due and *may add thereto interest at the rate of not more than six percent per annum* from the respective due dates of such additional amount until date of such assessment, . . ."

This court did not discuss the question whether the provision in question was severable from the remainder of the section. RCW 82.32.050 contains two paragraphs, the first dealing with the assessment of additional taxes and interest and the second with the statute of limitations applicable to such assessments thereon. Those portions of the statute, pertaining to the assessment of additional taxes found to be due and to the statute of limitations applicable to such assessments, are fully capable of accomplishing the legislative purpose that tax deficiencies be assessed within a certain period of limitations. The fact that interest may not be charged under this provision does not interfere in any way with the accomplishment of that purpose.

■ An act should not be declared unconstitutional in its entirety because one or more of its provisions is unconstitutional, unless the invalid provisions are unseverable and it cannot reasonably be believed that the legislature would have passed the one without the other, or unless the elimination of the invalid part would render the remainder of the act incapable of accomplishing the legislative purposes. *Hogue v. Port of Seattle,* 54 Wn.2d 799, 341 P.2d 171 (1959).

The interest provision passes the test of severability.

■ It is the rule that an invalid statute is a nullity. It is as inoperative as if it had never been passed. *State ex rel.*

*Evans v. Bhd. of Friends,* 41 Wn.2d 133, 247 P.2d 787 (1952).

The natural effect of this rule is that the invalidity of a statute leaves the law as it stood prior to the enactment of the invalid statute. 82 C.J.S. *Statutes* § 75 at 132 (1953); 16 Am. Jur. 2d *Constitutional Law* § 177 at 405 (1964).

This court applied these rules in a case where a portion of a law was struck down, not by the courts in a declaration of unconstitutionality, but by the governor's veto. In *State ex rel. Ruoff v. Rosellini,* 55 Wn.2d 554, 557, 348 P.2d 971 (1960), we said:

> Where an act or part of an act repeals or amends an existing act, the veto of the act or part thereof prevents the intended repeal or amendment from taking effect. The original act or part of an act, which was the subject of the repeal or amendment, remains valid and in force for want of an effective repeal or amendment thereof. Such a veto does not leave the kind of a void in the subject of the act for which the appellants contend. Such a result could occur only where the act vetoed was an original act unrelated to any existing legislation. *Spokane Grain & Fuel Co. v. Lyttaker,* 59 Wash. 76, 109 Pac. 316.
>
> We therefore hold that the item in Laws of 1949, chapter 48, § 1, p. 106 [*cf.* RCW 43.03.010], which fixed the governor's salary at fifteen thousand dollars a year is still in effect.

■ The governor's veto prevents an amendatory law from taking effect just as does a declaration of unconstitutionality. Consequently, if a severable portion of a statute is declared invalid, the corresponding severable portion of the previously existing valid statute continues as the law.

Our attention is drawn to the fact that Laws of 1945, ch. 249, § 9, amending Laws of 1939, ch. 225, § 27, gave the tax commission discretion in determining the amount of interest to be charged.

■ Under our reasoning in *United States Steel Corp. v. State, supra,* this interest provision delegates legislative power to the tax commission and is likewise invalid. The law in effect when the act was passed was Laws of 1939, ch.

225, § 27, which imposed mandatory interest. It reads as follows:

> If, upon examination of any returns or from other information obtained by the Tax Commission it appears that a tax or penalty has been paid less than that properly due, the Tax Commission shall assess against the taxpayer such additional amount found to be due and shall add thereto an amount equal to 5% of the amount of such additional tax as penalty and interest for the first calendar year or portion thereof in which the deficiency was incurred, and shall add further thereto interest computed at the rate of six per cent per annum upon the amount of such additional tax from the last day of the year in which the deficiency was incurred to the date on which the assessment is made.

This provision being free of the objectionable permissive language which invalidated the 1945 amendment and subsequent amendments, and there being no contention that it is otherwise invalid, it remains the law governing the question of interest.

By Laws of 1961, ch. 15, § 82.32.050, the 1949 provision, held invalid in *United States Steel Corp. v. State, supra,* was reenacted. This reenactment, which, to the extent it was effective, merely continued the existing law (*see Kuehl v. Edmonds,* 91 Wash. 195, 157 Pac. 850 (1916)), was likewise invalid insofar as the interest provision was concerned, and did not change the last existing valid statute, that is, Laws of 1939, ch. 225, § 27.

Some contention is made that the tax commission has discriminated against Boeing in its enforcement of the interest provisions. We are not convinced that the incidents listed in the brief of Boeing justify its assertion that the tax commission engaged in unjust discrimination against it.

The judgment is affirmed insofar as it sustains the validity of the use tax imposed upon Boeing; insofar as it denied the state's claim for interest, it is reversed and the cause is remanded with directions to determine the amount of interest due, according to the provisions of Laws of 1939, ch. 225, § 27.

ALL CONCUR.