[No. 43520.    Department One.    October 30, 1975.]

THE CITY OF SEATTLE, *Respondent*, v. RICHARD A. GRUNDY, *Petitioner*.

*John A. Strait*, for petitioner.

*John P. Harris, Corporation Counsel*, by *W. Frederick Greenlee, Assistant*, for respondent.

WRIGHT, J.—Appellant/petitioner (Richard A. Grundy) is before this court by writ of certiorari seeking an order directing the King County Superior Court to reinstate appellant's appeal from Seattle Municipal Court.

Appellant was tried in the municipal court and was found guilty of "prowling" in violation of Seattle ordinance No. 16046, section 29, as amended by ordinances No. 75624 and No. 95876. The municipal court deferred imposition of sentence and referred appellant to the municipal court probation services office for supervision of probation, which was to last 1 year. Appellant appealed to the Superior

Court. Respondent-city filed a motion to dismiss the appeal on the ground that no final judgment was entered from which appeal could be taken. The Superior Court granted the respondent-city's motion to dismiss. Currently, the respondent-city is challenging appellant's right to appeal on two bases. First, that the deferred sentence does not amount to a "final judgment." Second, that appellant failed to comply with JCrR 6.01(b), which requires service of notice of appeal to be made upon the attorney for the prevailing party, with an acknowledgment or affidavit of service.

Since this appeal has been pending its disposition has necessarily been postponed to await the outcome of other litigation which might, and did, substantially affect the outcome of this matter.

Since this matter has been pending we held in *Bellevue v. Miller*, 85 Wn.2d 539, 536 P.2d 603 (1975) that the Bellevue prowling ordinance is void. The Seattle ordinance, Seattle code 12.11.290, ordinance No. 16046, section 29, as amended by ordinances No. 75624 and No. 95876, is substantially identical. It follows that this ordinance is also void.

A statute or ordinance which is void as being in conflict with a prohibition contained in the constitution is of no force and effect. We said in *State v. Zornes*, 78 Wn.2d 9, 12, 475 P.2d 109 (1970); "all pending litigation must be decided according to the state of the law at the time of the decision." We must, therefore, decide the instant case according to the law now in effect.

The ordinance being void, the prosecution must be, and is dismissed. In view of this determination it is wholly unnecessary to consider the matters upon which this matter originally was brought to this court.

STAFFORD, C.J., and FINLEY, HUNTER, and HOROWITZ, JJ., concur.

Petition for rehearing denied March 18, 1976.