[No. 3940–II.   Division Two.   July 2, 1980.]

THE STATE OF WASHINGTON, *on the Relation of Shana Marie Goodner,* ET AL, *Respondents,* v. CHARLES WILLARD SPEED, *Appellant.*

*C. C. Bridgewater, Jr.,* for appellant.

*Gordon W. Sivley, Civil Deputy Prosecuting Attorney,* and *Reed Hadley,* for respondents.

REED, C.J.—Defendant Charles Speed appeals a judgment for support pursuant to the Uniform Parentage Act, RCW 26.26. Defendant challenges the constitutionality of RCW 26.26.120(5), which provides that trial shall be to the court without a jury. Defendant also assigns error to the trial court's order requiring him to pay certain costs and back support.

Defendant challenges the constitutionality of RCW 26.26.120(5) under the Washington State Constitution, article 1, section 21. That section provides, *inter alia,* that the right to trial by jury shall remain inviolate. As interpreted in *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 384, 47 P. 958 (1897), the state's constitution protects the right of trial by jury as it existed in the territory at the time the constitution was adopted. Defendant urges that, in light of the right to jury trial provided in bastardy proceedings under the Territorial Code of 1881, ch. 94, § 1219,[1] he should be provided a similar right despite RCW 26.26.120(5). That portion of the Territorial Code relating to illegitimate children, however, was held to have been improperly enacted in *State v. Tieman,* 32 Wash. 294, 73 P. 375 (1903). The effect of that determination was to revive the law as it stood prior to the enactment of the Territorial Code. *Boeing Co. v. State,* 74 Wn.2d 82, 442 P.2d 970 (1968). Accordingly, because no right to jury trial in filiation proceedings existed at the time the state constitution was enacted,[2] defendant does not now have a meritorious constitutional challenge to RCW 26.26.120(5).

Defendant next urges that a filiation proceeding is quasi criminal, thereby entitling defendant to a jury trial.

---

[1]The act provided: "The issue on the trial shall be 'guilty' or 'not guilty,' and shall be tried as an *ordinary action.*" (Italics ours.)

[2]Because there was no common–law duty for a father to support his illegitimate children, there was no common–law right to a jury trial. *See* 94 A.L.R.2d 1128 (1964).

We respond to this only by saying that the Uniform Parentage Act (RCW 26.26) has not converted filiation proceedings into a criminal prosecution, and it is therefore within the legislature's province to determine when a trial by jury is appropriate. *See* RCW 26.26.120(1), and *State v. Lawley*, 91 Wn.2d 654, 591 P.2d 772 (1979). *Cf. State v. Tieman, supra.*

Defendant's other arguments in support of a jury trial do not rise to the level of a constitutional challenge, and therefore we decline to consider them in light of the legislature's clear directive.

Finally, defendant complains of the trial court's order that he pay blood test costs, guardian ad litem fees, and back support. Defendant's argument on appeal differs from that which he made in the trial court, however, where his only objection to the first two items was that they were not included in the prayer of the petition. However, RCW 26.26.140 specifically provides for the payment of such items; RCW 26.26.100 authorizes the blood tests under court auspices; and RCW 26.26.090 *requires* that there be a guardian ad litem for a minor child. The allowance of these items was proper.

Defendant's argument that the court failed to consider the factors listed in RCW 26.26.130(5) when it awarded back support is not supported by the record. We find adequate evidence of the factors listed to enable the trial judge to render a considered decision.

Overall, it appears defendant received extremely considerate treatment from the trial court, once the issue of paternity was established. No attorney's fees were assessed against him as provided in RCW 26.26.140, and the trial court refused to order back support for the entire period during which the mother had sole responsibility for the child.

The judgment is affirmed.

PETRIE and PETRICH, JJ., concur.

Reconsideration denied July 31, 1980.

Review granted by Supreme Court October 24, 1980.