[No. 55034-4.   En Banc.   May 25, 1989.]

CERTIFICATION FROM THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
IN
KATHLEEN E. MOODY, *Individually, as Administratrix, and as Guardian, Plaintiff,* v. THE UNITED STATES OF AMERICA, *Defendant.*

*Enbody & Dugaw* and *Joseph P. Enbody,* for plaintiff.

*Gene S. Anderson, United States Attorney,* and *William H. Rubidge, Assistant,* for defendant.

*Bradley A. Maxa* on behalf of Washington Defense Trial Lawyers Association and *Jeffrey I. Tilden* on behalf of the Liability Reform Coalition, amici curiae for defendant.

ANDERSEN, J.—

### FACTS OF CASE

The issue certified by the United States District Court for the Western District of Washington in this wrongful death action concerns whose life expectancy should determine the recovery available for noneconomic damages pursuant to the statutory "cap" on such damages prescribed by RCW 4.56.250(2).

The facts in this case are undisputed. Gerry Lee Moody died instantaneously on February 19, 1986 when a tree fell on his pickup truck. The accident occurred in the Gifford Pinchot National Forest in Lewis County, Washington. Employees of the United States Forest Service felled the tree that killed Mr. Moody.

At the time of his death, Mr. Moody (age 44) was married to Kathleen Moody (age 32), and had two children, Mitchell Lee (age 17) and Allenya (age 3). When Gerry Lee Moody died, he had a life expectancy of 30 years, Kathleen Moody had a life expectancy of 45.78 years, Mitchell Lee Moody had a life expectancy of 55.09 years, and Allenya Moody had a life expectancy of 74.11 years.

Kathleen Moody, as administratrix of her husband's estate and guardian of her two children, brought a wrongful death action against the United States in federal district

court pursuant to the Federal Tort Claims Act. In lawsuits filed under the act, the law of the state in which the suit arises governs the federal government's liability as well as the measure of damages recoverable.[1] The United States admitted liability for Moody's death, leaving only the issue of damages to be determined at trial.

During pretrial proceedings, the District Court and parties could not agree on the interpretation of the limitation on noneconomic damages contained in RCW 4.56.250.[2] There being no authority interpreting the statute, the District Court certified the following questions to this court pursuant to RCW 2.60.020.

## QUESTIONS

Does RCW 4.56.250(1)(b) and (2) authorize judgment for noneconomic damages in this wrongful death action up to an amount equal to the total of:

(a) the life expectancy of Kathleen Moody x .43 x the Washington State annual wage, plus

(b) the life expectancy of Mitchell Lee Moody x .43 x the Washington State annual wage, plus

(c) the life expectancy of Allenya Moody x .43 x the Washington State annual wage?

---

[1] 28 U.S.C. §§ 1346(b), 2674; *Lucas v. United States,* 807 F.2d 414, 417 (5th Cir. 1986).

[2] That limitation, set forth in RCW 4.56.250(2), reads as follows:

"In no action seeking damages for personal injury or death may a claimant recover a judgment for noneconomic damages exceeding an amount determined by multiplying 0.43 by the average annual wage and by the life expectancy of the person incurring noneconomic damages, as the life expectancy is determined by the life expectancy tables adopted by the insurance commissioner. For purposes of determining the maximum amount allowable for noneconomic damages, a claimant's life expectancy shall not be less than fifteen years. The limitation contained in this subsection applies to all claims for noneconomic damages made by a claimant who incurred bodily injury. Claims for loss of consortium, loss of society and companionship, destruction of the parent–child relationship, and all other derivative claims asserted by persons who did not sustain bodily injury are to be included within the limitation on claims for noneconomic damages arising from the same bodily injury."

Or, in the alternative, does RCW 4.56.250 limit recovery for noneconomic damages to *one* limit for Kathleen Moody, Mitchell Lee Moody and Allenya Moody, and if so, who would be the measuring life in determining the limitation of noneconomic damages?

## ANSWER

■ Our answer to these questions has necessarily been postponed pending the outcome of a related case. That case, *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 771 P.2d 711 (1989), addresses the constitutionality of the statute at issue here, RCW 4.56.250(2). Since we have just held in *Sofie* that the limitation on noneconomic damages set forth in RCW 4.56.250(2) is unconstitutional, the statute is a nullity and the questions herein certified need not be answered.[3] The invalidity of a statute leaves the law as it stood prior to the enactment of the invalid statute.[4] Thus, the federal district court may now award damages as appropriate pursuant to RCW 4.20.020, which governed the award of damages in a wrongful death action prior to the enactment of RCW 4.56.250(2).[5]

UTTER, BRACHTENBACH, DORE, PEARSON, DURHAM, and SMITH, JJ., concur.

CALLOW, C.J. (dissenting)—The plaintiff in this Federal Tort Claims Act case has no right to a jury trial. 28 U.S.C.

---

[3]*See State ex rel. Goodner v. Speed,* 96 Wn.2d 838, 843, 640 P.2d 13, *cert. denied,* 459 U.S. 863 (1982); *Seattle v. Grundy,* 86 Wn.2d 49, 50, 541 P.2d 994 (1975).

[4]*Speed,* at 843; *Boeing Co. v. State,* 74 Wn.2d 82, 89, 442 P.2d 970 (1968).

[5]The dissenting opinion filed herein requires response. In the first place, we have been asked to construe Washington law and have done so. We have not been asked to interpret federal law or any idiosyncracies thereof, nor is it our prerogative to do so (RCW 2.60.020; RAP 16.16(a)); that is the federal court's function. In the second place, the issue raised by the dissent was raised by one of the parties only in passing, and without citation of authority; therefore, for that yet additional reason, we decline to rule thereon. *Griffin v. Department of Social & Health Servs.,* 91 Wn.2d 616, 630, 590 P.2d 816 (1979).

§ 2402; *United States v. Neustadt,* 366 U.S. 696, 701 n.10, 6 L. Ed. 2d 614, 81 S. Ct. 1294 (1961). Therefore, this court's decision in *Sofie v. Fibreboard Corp.,* 112 Wn.2d 636, 771 P.2d 711 (1989) that RCW 4.56.250 conflicts with the Washington State Constitution's guarantee of the right to a jury trial does not dispose of the question certified by the federal court. I would, at least, request further briefing on *Sofie*'s impact before dismissing this case.

DOLLIVER, J., concurs with CALLOW, C.J.