[No. 26908-9-I. Division One. June 22, 1992.]

THE STATE OF WASHINGTON, *on the Relation of* T.A.W., *Respondent,* v. JOHN INGRAM WESTON, *Appellant.*

*Douglass A. North,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *John C. Huddleston* and *Patricia Brady, Deputies,* for respondent.

*Douglas B. Marsh,* for Deborah Dallman.

KENNEDY, J. — John Ingram Weston appeals the trial court's award of attorney fees to the State in an action to establish paternity. Finding that an award of fees to the State is authorized by statute and that the trial court did not err in its calculation of the award, we affirm the judgment.

## FACTS

T.A.W. was born on July 7, 1988. Deborah Dallman, T.A.W.'s mother, received public assistance after his birth. As a condition of receiving public assistance, Dallman assigned her right to collection of child support to the State.

Pursuant to RCW 26.26, the State filed the instant suit against appellant, alleging that he was the father of the child, that he was capable of supporting the child, and seeking reimbursement for expenses incurred by the State for the care of the child.

In his response to the State's complaint, appellant denied paternity. On January 24, 1989, the State filed a motion to compel blood tests. After a continuance, an order requiring the appellant to submit to blood tests was obtained. The results of the blood test indicated a 99.97 percent relative probability of paternity.

In May of 1989 the State sent a settlement letter to the appellant to which no response was received. Another letter was sent in June 1989. The State moved for summary judgment of paternity on September 11, 1989, but appellant moved for a continuance until October. On October 19, 1989, appellant moved for another continuance. Although the State objected, claiming delaying tactics, a continuance was granted until November 6, 1989. At that time, the motion for summary judgment was denied by the court.

Because of what the State considered delaying tactics, it twice moved, in November 1989 and January 1990, to compel answers to interrogatories that had been served in October. Following the second motion to compel a court order was entered granting this relief, and answers were served by February 15, 1990. Contending that these answers were not complete, the State brought another motion to compel. A commissioner of the court held that the answers were not full and complete and reserved the State's request for terms for determination by the trial court.

At the State's request, the court ordered a bifurcation of the proceedings. The paternity issue was tried on March 22, 1990. After the trial, the court entered findings, conclusions, and an order determining John Weston to be T.A.W.'s father. The trial for the issues of child support and a parenting plan was scheduled for July 25, 1990. Following the paternity determination the State sought and obtained an order

that appellant pay $862 per month for temporary child support.

On May 30, 1990, the State filed an amended petition which requested reimbursement for attorney fees expended by the State pursuant to RCW 26.26.140. In its memorandum in support of the request for an award of attorney fees, filed on June 18, 1990, the State supplied an affidavit by Deputy Prosecuting Attorney Patricia Brady which listed services performed, the dates on which they were performed, and a total for all services performed of 96 hours. The State also suggested $100 per hour as a reasonable rate for attorney fees based on an affidavit of an established family lawyer in Snohomish County. Appellant objected to the request, claiming that there was no statutory authority for the award of attorney fees, that the relative incomes of the parents must be determined, that the list of services performed included services which were not related to the establishment of paternity, and that it would be impossible to determine attorney fees for State attorneys.

On August 28, 1990, the trial court entered its order and judgment on attorney fees, awarding the State the $9,600 originally requested in its motion for attorney fees. (The State had subsequently requested an additional award of fees for anticipated future litigation expenses.)

In the findings entered with the order and judgment, the trial court found that the rate of $100 per hour suggested by the State was reasonable, that the appellant had vigorously contested all of the issues, that Ms. Dallman's economic circumstances were not relevant to the award, and that it was appropriate to make an award of all fees through April 1990, without respect to an apportionment of the work done. This appeal followed.

## DISCUSSION

Appellant challenges the trial court's award of fees, claiming that there is no statutory authorization for an award of attorney fees to the State, that the court erred in making the award without considering the financial

resources of the mother, that the court erred in making an award for time spent on nonpaternity issues, and that the court failed to base the award on adequate information regarding the work done and the value of the work. We consider each of these contentions in turn.

### I. Authority To Award Attorney Fees to the State

Appellant first contends that there is no authority to award fees to the State and that there is no basis for a calculation of such an award to the State.

The trial court based its award of attorney fees upon RCW 26.26.140. This statute provides that the court:

> may order reasonable fees of experts and the child's guardian ad litem, and other costs of the action, including blood test costs, to be paid by the parties in proportions and at times determined by the court. The court may order that all or a portion of a party's reasonable attorney's fees be paid by another party, except that an award of attorney's fees assessed against the state or any of its agencies or representatives shall be under RCW 4.84.185.[1]

The appellant contends that this statute does not authorize an award of attorney fees to the State. We disagree. By its very terms, the statute authorizes an award of

---

[1] At the time judgment was entered, RCW 4.84.185 provided that:

"In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the non-prevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after an order of dismissal, order on summary judgment, or final judgment after trial or other final order terminating the action as to the prevailing party. In no event may such motion be filed more than thirty days after entry of the order. The judge shall consider the action, counterclaim, cross-claim, third party claim, or defense as a whole.

"The provisions of this section apply unless otherwise specifically provided by statute."

The last three sentences of RCW 4.84.185 have since been amended to say: "The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order."

reasonable attorney fees to *any* party to an action under the chapter. The State is clearly a party in the present case.

Even more telling is the specific provision governing attorney fees against the State. The presence of this provision clearly indicates that the Legislature recognized that the State could be a party to an action and, therefore, a payer of attorney fees. Implicit in the provision that fees may be awarded against the State is the corollary that fees may be awarded to the State. Although there have been no cases explicitly recognizing an award of attorney fees to the State under this chapter, in *State ex rel. Goodner v. Speed*, 26 Wn. App. 648, 650, 613 P.2d 1207 (1980), *aff'd*, 96 Wn.2d 838, 640 P.2d 13, *cert. denied*, 459 U.S. 863, 74 L. Ed. 2d 119, 103 S. Ct. 140 (1982), Division Two of this court recognized in dicta that the trial court could require a payment of attorney fees to the State under this chapter.

The State has a legitimate interest in seeing that all children are supported regardless of the marital status of the parents and is specifically authorized to bring an action as a party under the paternity statute. RCW 26.26.060. It would be a bizarre result indeed if the State were required in effect to subsidize the litigation by a wealthy parent who otherwise would likely be required to pay the legal fees of a less wealthy parent, if this were a "private" paternity proceeding.

Appellant claims that even if the statute gives putative authority for an award of attorney fees to the State, the Legislature could not have intended this result because there is no basis upon which to calculate an award of attorney fees to the State. Specifically, since the attorneys for the State are paid a salary, and are not compensated by the hour, appellant contends that a calculation of attorney fees is impossible.

We are not persuaded by this argument. Many attorneys, public and private, are paid by salary, and as long as there exists a record of the time spent on a case, an award can be made based upon that time and a reasonable hourly

rate.[2] Awards of reasonable attorney fees to the State have previously been approved by this court, and such cases indicate that there is no difficulty in calculating an award of attorney fees to the State. *See, e.g., Layne v. Hyde*, 54 Wn. App. 125, 136, 773 P.2d 83, *review denied,* 113 Wn.2d 1016 (1989); *see also Orwick v. Fox*, 65 Wn. App. 71, 828 P.2d 12 (1992).

## II. Finances of the Mother

The appellant also contends that the trial court erred in awarding the attorney fees without first considering the financial resources of the mother. In support of this proposition, the appellant cites *Pippins v. Jankelson*, 110 Wn.2d 475, 482, 754 P.2d 105 (1988) and *Koon v. Koon*, 50 Wn.2d 577, 313 P.2d 369 (1957), both of which are cases between two private parties. Since the State was the party to which an award of fees was made in the present case and since the record indicates that the mother was receiving public assistance at the time of the litigation, a fact from which an inference of her lack of financial resources can be drawn, we hold that the trial court did not err in failing to consider the financial resources of the mother in making the award.

The trial court is granted broad discretion in determining an award of attorney fees under RCW 26.26.140. In a case involving an award of fees to the State from the father, we do not believe that such discretion necessarily is abused when the income of the mother is not considered. There is no indication in the statute that such an award is necessarily limited in all cases by a court's determination of the relative incomes of all of the parties involved. *Compare* RCW 26.26.140 ("The court may order that all or a portion of a party's reasonable attorney's fees be paid by another party . . .") *with* RCW 26.09.140 ("The court . . . *after considering*

---

[2]It is true that RCW 36.27.050 prohibits the *prosecuting attorney* from collecting fees or compensation for prosecution conducted by that attorney. However, the award made in the present case was to the State, not to the prosecuting attorney. The purpose of RCW 36.27.050 is to prevent outside influences on an attorney working for the State. That purpose is not affected by our decision in this appeal.

*the financial resources of both parties* may order a party to pay . . . reasonable attorney's fees . . ." (Italics ours.)).

Furthermore, contrary to appellant's claim, *Pippins* does not stand for the proposition that the court *must* consider the respective incomes of all of the parties, both public and private, in determining an award of fees under RCW 26.26-.140 in all cases. In that case, the court simply noted that the consideration of need by the trial court was a part of the exercise of its sound discretion in determining reasonable fees under the statute. *See Pippins*, at 482.

Although need and ability to pay are certainly important considerations, particularly as between private litigants, they are not necessarily the only considerations; and where, as here, the State is the party seeking fees from the father, the need, or lack thereof, of the mother has little if any significance. Of far more significance is the appellant's ability to pay. Appellant has not challenged his ability to pay, and the record reflects that appellant has substantial assets.

### III. Award of Fees for Legal Work Concerning Issues Besides Paternity

The trial court granted an award of attorney fees after the paternity determination for a sum which included work done by the State with respect to the child support and parenting plan issues. Appellant contends that because the trial had been bifurcated, and because the State had only prevailed at the time of the award on the issue of paternity, it was error to award fees for work done on other issues.

■ An award of attorney fees should only be made for those issues for which attorney fees are authorized. *See, e.g.*, *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 66, 738 P.2d 665 (1987). In the present case, fees for attorney time spent on the support and parenting plan determinations *are* authorized by RCW 26.26.140. This statute allows an award of fees on any action under the Uniform Parentage Act. The act requires the court to make appropriate provisions for child support and for residential care of the child. A parenting plan is required if requested by either party. These requirements are integral to the act. *See* RCW 26.26.130.

This case is thus distinguishable from *Boeing* and the other cases cited by the appellant in which attorney time was spent on issues for which an award of attorney fees is not authorized.

■ Furthermore, except in the event of an award of attorney fees *against* the State, RCW 26.26.140 does not require that attorney fees be awarded only to a prevailing party. As noted above, the statute gives broad discretion to the trial court in making its award of attorney fees. Since the trial court has the authority to award fees against all parties (except for the State) for all issues regardless of who prevails, the time at which such an award is made is immaterial. This is not to suggest that after adjudicating the remainder of the case, the trial court could not adjust its award, but it is certainly clear that the trial court did not abuse its discretion in making an award for all work done by the State up until the time of the award. The trial court noted the "vigorous defense" put on by the appellant, and while we do not suggest that a vigorous defense is not the right of a putative parent in a paternity action, it is not invariably that party's right at taxpayers' expense.

IV. Evidence Supporting Determination of Fees

Last, appellant claims that even if an award of attorney fees is authorized, the trial court erred in making its award because there was insufficient evidence to determine the amount of the award. Appellant cites *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 675 P.2d 193 (1983) for the proposition that the evidence in the present case was insufficient to justify an award because it did not include a breakdown of time spent on each task. Appellant contends that such a breakdown is required in order for the court to determine hours spent on "unsuccessful claims, duplicated effort, or otherwise unproductive time." *Bowers*, at 597. We disagree.

■ The court in *Bowers* stated that the documentation for an award of attorney fees need not be exhaustive, and it specifically stated what was required to make a reasonable calculation: the total number of hours worked, the type of

work performed, and the category of attorney who performed the work. *Bowers*, at 597. This information was provided in the present case.

We also note that the affidavit of the private family law attorney from Snohomish County regarding a reasonable hourly rate was sufficient to provide a guideline for determining an appropriate hourly rate in the calculation of the fees. Even if a prosecuting attorney may be considered as being paid by the case[3] and not the hour, as claimed by the appellant, the value of the work performed, made up of an attorney's average hourly salary, the salary of the support staff, and the physical costs of the office, could certainly be calculated on an hourly basis. Therefore, the use of a comparable hourly billing rate from an attorney in the private sector was a reasonable basis for an estimate of the value of the attorney time spent on the case.

When awarding attorney fees to the State, other jurisdictions have stressed the trial court's enormous discretion in calculating the value of the time spent by the State's attorneys. *See, e.g., Smith v. State*, 706 P.2d 1160, 1164 (Alaska 1985). The trial court had a rational basis for its award and, therefore, did not abuse its discretion in entering the award.

We affirm the trial court's award of attorney fees.

SCHOLFIELD and FORREST, JJ., concur.

---

[3]The record indicates the prosecuting attorney contracts with the State to handle paternity cases.