# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2016 APR 25 AM 8: 39
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

| | | |
|---|---|---|
| LAKE FOREST PARK WATER DISTRICT, a municipal corporation, | ) ) ) | No. 73309-5-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| CITY OF LAKE FOREST PARK, a municipal corporation, | ) ) ) | |
| Respondent. | ) ) | FILED: April 25, 2016 |
| | ) | |

LEACH, J. — When a city vacates a right-of-way, title transfers to the abutting property owners. Here, the City of Lake Forest Park (City) passed an ordinance that purported to vacate the right-of-way for yet unopened streets and retain title for the City. The parties agree the portion of the ordinance retaining title is void. The ordinance's severability clause does not preserve the vacation provision because retention of title was an integral part of the entire ordinance. Its underlying purpose and legislative history show that the City would not have passed the ordinance had the City not retained title. The trial court properly granted summary judgment.

## FACTS

Lake Forest Park Ordinance 398 vacated portions of several never opened streets within the 1912 era Lake Forest Park Plat. The ordinance also

purported to retain the City's title to the vacated right-of-way contrary to RCW 35.79.040. This statute provides that the ownership of a vacated street belongs to the abutting landowners up to the center line of the vacated street. Lake Forest Park Water District (Water District) owns several parcels of land within the Lake Forest Park Plat that abut the vacated property the City sought to retain.

In 2014, the Water District filed this lawsuit to quiet title to the center line of the vacated streets that abutted its property. The Water District based its claim of title both on Ordinance 398 and its claims of adverse possession. The Water District requested summary judgment declaring that when adopted, Ordinance 398 vested in it fee title to the centerline of the vacated streets. The City responded with a request for summary judgment declaring Ordinance 398 invalid from the date adopted.

The trial court granted partial summary judgment to the City, finding Ordinance 398 invalid in its entirety, but reserved for trial the Water District's claims of adverse possession. At the District's request, the trial court later dismissed its remaining claims against the City, making the partial summary judgment final. The Water District appeals.

ANALYSIS

The parties agree that RCW 35.79.040 prevents the City from retaining title to the right-of-way.[1] They disagree about the validity of the ordinance provision purporting to vacate the right-of-way. The Water District argues that Ordinance 398's severability clause[2] preserves as valid legislation the remaining portion of the ordinance that vacates the right-of-way. The City contends that the entire ordinance was void when adopted because the City would not have adopted it if it could not retain title to the right-of-way.

While a severability clause generally indicates that each portion of an ordinance has independent validity, this is not true if the voided part of the ordinance is so intertwined and interrelated to the valid portion that it cannot be separated without also destroying the legislative intent.[3] In this case, the presumption created by the severability clause fails. A court must construe an ordinance in accord with its purpose.

A court discerns the meaning of a statute "from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the

---

[1] RCW 35.79.040 provides, "If any street or alley in any city or town is vacated by the city or town council, the property within the limits so vacated shall belong to the abutting property owners, one half to each." (Emphasis added.)

[2] "If any part or portion of this Ordinance is declared invalid for any reason, such declaration of invalidity shall not affect any remaining portions."

[3] 6 EUGENE MCQUILLIN, THE LAWS OF MUNICIPAL CORPORATIONS § 20:71, at 304 (3d ed. 2007).

provision in question."[4] Here, we ask if Ordinance 398 functions in a manner consistent with the intent of the City Council of Lake Forest Park (City Council) when passing it without the retention of title provision. In other words, would the City Council have enacted the contested provision without the invalid one?[5] Here, the City clearly would not have done so.

The City Council adopted Ordinance 398 primarily to protect a watershed area from development. To do this, it determined that it needed to retain ownership in the right-of-way. The City Council's minutes from April, May, and July reflect this intent.

In April 1988, the City Council expressed its desire "to retain the undeveloped status of the canyon/watershed area." The April 20, 1988, City Council minutes state,

> At the request of the Mayor, Mr. Evans will identify some appropriate steps to accomplish the desire of the Council to retain the undeveloped status of the canyon/watershed area. Mr. Loschen asked what steps could be taken tonight to legally deny access through the City right-of-way to develop property. Mr. Evans suggested a motion to direct drafting a resolution to propose the vacation of the right-of-way. Mr. Loschen pointed out that with vacation of the right-of-way, the property reverts to the property owners and the City would then have no control over the land and he wants to know, at this time, what needs to be done to establish intent. Mr. Evans pointed out some legal concerns with establishing Open Space zoning of private land. Mr. Loschen

---

[4] Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 11, 43 P.3d 4 (2002).

[5] See 6 McQUILLIN, § 20:71, at 302-03.

moved to propose a resolution that the Watershed/Canyon area be used for a natural park with the present easements retained. The motion died for lack of a second. Mr. Loschen stated that he wants to get something on the record and moved that a resolution be prepared proposing that the canyon right-of-way, N.E. 184th Street, <u>be used exclusively for public recreation and the City Attorney be instructed to prepare alternative proposals for designation for that property</u>. Mr. Reed seconded the motion. Mr. Baldwin spoke against this motion because it refers to using this property only for public recreation. The question was called for and the motion passed with six aye votes and one nay vote by Mr. Baldwin.

(Emphasis added.)

In response to the Council and Mayor's directive, the city attorney submitted a memorandum dated April 27, 1988, strongly recommending the City consider vacating the right-of-way to accomplish its task:

(1) The City has a legal right to vacate the roadway, regardless of opposition, and this would prevent the dedicated area from ever being used as access; [and]

(2) Vacation is much safer, legally, and does not expose the City to risks of lawsuit for damages for the loss of use.

In May 1988, the City Council again expressed its goal to prohibit development in the area:

The <u>City Attorney has recommended vacation</u> of the street right-of-way on N.E. 184th St. running through the watershed area, <u>to accomplish the Council's goal of prohibiting development in that area</u>. Mr. MacGilvra was concerned that this vacation may "landlock" some parcels of property and create later problems. Mr. Evans said that landowners could then resort to a private right of condemnation to surrounding property owners for purposes of an easement for access. Mr. Loschen said he feels <u>eager to get this land designated in some way and that property owners do not seem interested in acquiring this land through a vacation but do seem to favor preserving the creek area pretty much as it is now</u>. Mr. Baldwin expressed his desire for the Council to consider all

alternatives to obtain our objective and he is concerned about access that might be obtained via easements that would have to be left in place after vacation. Mr. MacGilvra noted that <u>as long as this right-of-way is not vacated, property owners could develop it themselves for access to their property. Mr. Evans advised that the vacation statute does provide for the City to retain title of the vacated right-of-way property.</u> Responding to a question from Mr. Loschen, Mr. Evans <u>advised that the property could be zoned as open space after vacation.</u> He also recommended having no unzoned property in the City. Water District No. 83 Superintendent Kenneth Chalmers asked for clarification of the parcel of land being discussed and said that because of restrictions now being placed on the water district regarding water quality, the watershed area is <u>going to require more protection in the future.</u> Mr. Reed moved and Mr. Ofstad seconded a motion that a resolution be prepared for the vacation of the undeveloped right-of-way along N.E. 184th St. with title retained by the City. The motion passed unanimously.

(Emphasis added.)

Resolution No. 391 states,

WHEREAS, the City Council has determined it is in the public interest to vacate that certain property . . . <u>with title to be retained in the City;</u> and WHEREAS, <u>the Council does find that ownership, use, maintenance, and control of the said property, after vacation, should remain with the City.</u> . . , the Council may consider an ordinance effecting the vacation proposed by this resolution <u>provided that</u> such ordinance shall specifically establish that title to the property vacated shall be retained in the City of Lake Forest Park.

(Emphasis added.)

The City adopted Ordinance 398 "in conjunction with Resolution Number 391." The recitals prefaced by the resolution's "whereas" clause show the Council's collective intent that maintaining ownership was integral to their action.[6]

_____

[6] <u>See</u> N. State Constr. Co. v. Robbins, 76 Wn.2d 357, 365, 457 P.2d 187 (1969) (recitals are indicative "of the state of mind of the parties").

The documents and the Council's minutes clearly establish that the City intended with the ordinance to maintain title. The Council would not have adopted the ordinance without retaining title in the right-of-way.

Citing State v. Anderson,[7] the Water District argues that its ownership would in fact accomplish the City's desire to preserve the area. This argument necessarily fails because property owned by others abuts the contested right-of-way. The record does not show that these owners have made any commitment to preserve the watershed.

The Water District's argument that its title to the right-of-way vested upon the City's enactment of the ordinance also fails. This court applies the general rules of statutory construction to ordinances.[8] Under these rules, an invalid statute is a nullity and "as inoperative as if it had never been passed."[9] This means the invalidity of a statute leaves the law "as it stood prior to the enactment of the invalid statute."[10] Because Ordinance 398 was invalid, title to the right-of-

---

[7] 81 Wn.2d 234, 236, 501 P.2d 184 (1972).

[8] Ford Motor Co. v. City of Seattle, 160 Wn.2d 32, 41, 156 P.3d 185 (2007) ("Municipal ordinances, such as the ordinances at issue here, are local statutes that are to be construed according to the rules of statutory construction.").

[9] Boeing Co. v. State, 74 Wn.2d 82, 88-89, 442 P.2d 970 (1968) (citing State ex rel. Evans v. Bhd. of Friends, 41 Wn.2d 133, 247 P.2d 787 (1952)).

[10] Boeing, 74 Wn.2d at 89 (citing 82 C.J.S. Statutes § 75, at 132 (1953); 16 AM. JUR. 2d Constitutional Law § 177, at 405 (1964)).

way stands as if the ordinance had never been adopted. Thus, no title passed to the Water District.

CONCLUSION

We affirm the trial court's decision dismissing the Water District's quiet title action.

_Leach, J._

WE CONCUR:

_Spearman, J._          _Appelwick, J._